**In the Matter of Harrison George DEAN.**

Supreme Court of Delaware.

May 22, 1969.

John M. Bader, Wilmington, for petitioner.

Francis A. Reardon, State Prosecutor, Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the denial by the Superior Court of a petition for a writ of *habeas corpus.*\* The appellant, Harrison George Dean, seeks to avoid extradition to North Carolina. Two points are made in his behalf: (1) That the requisition from North Carolina is defective for failure to state that he was present in that State at the time of the commission of the alleged crime, and (2) that the Governor of Delaware's extradition warrant is defective for failure to recite facts necessary to its validity. We take the points up in the order stated.

Dean's contention is that the requisition of him by the Governor of North Carolina does not comply with the requirements of 11 Del.C. § 2503, nor with the Federal statutory requirements, by reason of failure to show that he was present in North Carolina at the time of the commission of the crime for which his return is sought.

In Hyatt v. N. Y. ex rel. Corkran, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657, the Supreme Court of the United States held that it must appear from the extradition papers that the person demanded is charged with a crime against the laws of the state demanding him; that he is a fugitive from the justice of that state, and that he was present in that state at the time of the commission of the alleged crime. To the same effect are Scott, The Law of Interstate Rendition, § 10; 31 Am.Jur.2d, Extradition, § 31, and 35 C.J.S. Extradition § 13.

To comply with this requirement, Delaware enacted 11 Del.C. § 2503, which reads as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under section 2506 of this title, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate shall substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence shall be authenticated by the Executive Authority making the demand."

The requisition upon the Governor of this State by the Governor of North Carolina was accompanied by the following properly authenticated copies of documents:

1. Application to the Governor of North Carolina for the extradition of Harrison George Dean, dated March 6, 1968.

2. Commitment of Dean to a prison camp upon conviction of violating North

---

\* The State's motion to dismiss the appeal was denied. In re Dean, Del.Sup., 251 A.2d 347.

Carolina's prohibition law, dated May 3, 1961.

3. Descriptive record of Dean as an escaped prisoner, dated June 6, 1961.

4. Notice of the capture of Dean, an escaped prisoner, dated November 6, 1962.

5. Report of Dean as an escaped prisoner, dated February 8, 1963.

6. Transcript of the record of Dean, a prisoner.

7. The warrant of North Carolina for the arrest of Dean upon a charge of illegally possessing intoxicating liquor for sale, dated November 19, 1960.

8. The indictment of Dean for the offense committed in Surry County, North Carolina on November 19, 1960, and the plea of guilty to the charge, on May 2, 1961, by Dean.

■ Dean argues that there is no allegation in these papers that he was present in North Carolina on November 19, 1960 and, therefore, the above stated requirement has not been satisfied.

We think to the contrary. A necessary implication arises from the indictment and the plea of guilty that Dean was in North Carolina on November 19, 1960. There is nothing in the first point.

■ Dean's second point is that the Governor of Delaware's extradition warrant is fatally defective for failure to comply with the requirements of 11 Del.C. § 2507, which provides as follows:

"If the Governor decides that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the State seal, and be directed to any peace officer or other person whom he thinks fit to entrust with the execution thereof. The warrant shall substantially recite the facts necessary to the validity of its issuance."

Upon the basis of the demand by the Governor of North Carolina, the Governor of Delaware issued an extradition warrant for the arrest of Dean. In the warrant it is stated that Dean is wanted in the State of North Carolina for the crime of "escape".

Dean argues that he is not wanted in North Carolina for the crime of escape, but only for an escape from custody under commitment pursuant to sentence for an entirely different crime. It is argued, therefore, that § 2507 has not been complied with.

Admittedly, the extradition warrant is technically defective in stating that Dean "stands charged with the crime of escape", but there is sufficient recitation of facts to satisfy the requirement of § 2507 that "the warrant shall substantially recite the facts." The defect, therefore, is harmless.

The judgment below is affirmed.