## MORGAN v. HORRALL, Chief of Police.
### No. 12021.

United States Court of Appeals
Ninth Circuit.
June 20, 1949.

Richard A. Haley, Los Angeles, Cal., for appellant.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, Philip E. Grey, Deputy City Attorney, Los Angeles, Cal., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellant was arrested in the City of Los Angeles, California and held by its Chief of Police upon a warrant issued by the Governor of the State of California authorizing the removal of appellant to the State of Colorado for trial upon criminal charges filed against him in the courts of Colorado. The said warrant was issued by the Governor of California upon a demand by the Governor of Colorado for surrender of appellant for the purpose of criminal prosecution in Colorado.

When the Governor of California issued the warrant for the arrest of appellant, the Governor had before him the following papers:

1. Requisition or demand by the Governor of Colorado.

2. Application for Requisition.

3. Copy of complaint and information, subscribed and sworn to before a magistrate.[1]

4. Warrant issued out of the Justice Court.

5. Affidavit of Emma Hoelzle, sworn to before a magistrate.

6. Affidavit of Margaret M. Phillips, sworn to before a magistrate.

7. Affidavit of Ross L. Hennerman, sworn to before a magistrate.

8. Affidavit of Fred Staab, sworn to before a magistrate.

Also attached were copies of statements by one Singer and one Aylesworth. These were not submitted as independent affidavits, but were exhibits made part of an affidavit executed before a magistrate.

It also appears that in the demand on file in the office of the Governor of California, the Governor of Colorado certified to the correctness of certain necessary documents.

Section 1549.1 of the California Penal Code appears to be a part of the Uniform Criminal Extradition Act which has been adopted in many states. It reads as follows:

"Sec. 1549.1. Surrender of person not in other state when committing act resulting in crime therein. The Governor of

---

[1] "CONSPIRACY TO COMMIT GRAND LARCENY

"In the Justice Court Before David W. Oyler, J.P.

"State of Colorado,

"City and County of Denver—ss.

"The Complaint and Information of Ross L. Hennerman made before David W. Oyler, Esq., one of the Justices of the Peace in and for the City and County of Denver, and State of Colorado, on the 26th day of May, A. D. 1948, who being duly sworn, on oath says that Tom Morgan on, or about the First day of March, A. D. 1948, at, to-wit, the City of Los Angeles, State of California, did then and there unlawfully and feloniously agree, conspire and cooperate with Earl Orms and Douglas D. Aylesworth and Paul Harris Singer, to and with each other, to do and to aid in the doing by them, or some one or more of them, at the City and County of Denver, State of Colorado, an unlawful act, to wit: a felony, which felony was Grand Larceny of the sum of Four Thousand Dollars ($4,000.00) in money of the value of Four Thousand Dollars ($4,000.00) of the moneys and personal property of the Daniels and Fisher Stores Company, a corporation, which conspiracy intentionally resulted in the commission of a felony, to wit: Grand Larceny of Four Thousand Dollars ($4,-000.00) in money of the moneys and personal property of the Daniels and Fisher Stores Company, a corporation, on the Thirteenth day of March, A. D. 1948; in the City and County of Denver, and State of Colorado; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado. He therefore prays that the said Tom Morgan may be arrested and dealt with according to law.

"(Sig.) Ross L. Hennerman

"Subscribed to and sworn to before me this 26th day of May, A. D. 1948.

"(Seal)    "(Sig.) David W. Oyler

"Justice of the Peace"

this State may also surrender, on demand of the executive authority of any other State, any person in this State charged in such other State in the manner provided in section 1548.2 of this code with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose executive authority is making the demand. The provisions of this chapter, not otherwise inconsistent, shall apply to such cases, even though the accused was not in the demanding State at the time of the commission of the crime, and has not fled therefrom. Neither the demand, the oath, nor any proceedings under this chapter pursuant to this section need state or show that the accused has fled from justice from, or at the time of the commission of the crime was in, the demanding or other State."

■■■ Section 1548.2 of the Penal Code of California provides that demand may be accompanied by a copy of an indictment, by a copy of an information, or by a copy of an affidavit made before a magistrate, together with a copy of a warrant issued thereon, duly certified. These provisions would appear to be applicable as a description of the necessary accompanying papers and their certification, although certain provisions in Section 1548.2 obviously do not apply to the demand under Section 1549.1. We are satisfied that under California law the sufficiency of the record depends upon whether there are in the record certified copies of documents necessary to confer jurisdiction upon the Governor of California and that in this instance there were sufficient papers in the extradition record file to confer such jurisdiction.

The finding of the lower court that the papers submitted to the Governor of California were sufficient is in accordance with the opinion of the lower court and in accordance with the holding of the California courts of last resort. (See cases cited in opinion referred to in footnote 2.)

After the arrest of appellant an application for a writ of habeas corpus was filed in the District Court of Appeal in and for the Second District of the State of California, Division 2. This intermediate appellate court rendered an opinion on June 15, 1948, discharging the writ and remanding appellant to custody.[2]

■■■ Thereafter, on June 16, 1948, appellant filed a petition for the issuance of a writ of habeas corpus in the Supreme Court of the State of California, which petition was denied on June 21, 1948, without hearing. In legal effect this denial made the decision of the District Court of Appeal a final decision on the merits of appellant's case under California law. See Gordon v. Scudder, 9 Cir., 163 F.2d 518, and Ex parte Adamson, 9 Cir., 167 F.2d 996.

Thereafter, appellant filed a petition for a writ of habeas corpus in the District Court of the United States. That court issued the writ and held a hearing thereon as a result of which the judge discharged the writ and remanded appellant to the custody of the Los Angeles Chief of Police. This appeal followed. The opinion of the District Judge is reported in 78 F.Supp. at page 756.

In epitome, the errors here asserted by appellant and relied upon by him as requiring a reversal, are as follows: (1) Section 1549.1 of the Penal Code of the State of California, supra, is invalid because it conflicts with or is repugnant to the United States Constitution, and to the provisions of Title 18 U.S.C.A. § 3182 enacted under authority of Section 2, Clause 2 of Article IV of the Constitution;[3] (2) It is admitted that appellant was never in the State of Colorado and never "fled" from Colorado. The warrant of arrest is void because appellant is not a fugitive from justice. (3) The complaint issued by the Magistrate's Court in the State of Colorado does not charge a crime against the laws of that State. (4) The Complaint upon which demand for requisition was made is copied directly from said Section 1549.1 of the Cali-

2 Ex parte Morgan, 86 Cal.App.2d 217, 194 P.2d 800. In this decision the court considered and passed upon Constitutional questions involved.

3 "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

fornia Penal Code and not from any of the laws of Colorado; that while it may be conceded that appellant violated the laws of the State of Colorado, he is not in the present Complaint so charged, but is charged with having committed a crime against the laws of California.[4]

■ The lower court made and entered Findings of Fact and Conclusions of Law in which it rejected all of the material contentions of appellant. The record also discloses that the same material and controlling issues were submitted to the California Supreme Court and to the California District Court of Appeal, and the decision of both courts was adverse to appellant's contentions. As clearly indicated in the reported decision of the California District Court of Appeal, 86 Cal.App.2d 217, 194 P.2d 800, that court gave full consideration to the effect of California and Federal law and to the Federal Constitutional issue presented. With this record before it the Supreme Court of California refused a review of the decision of the District Court of Appeal. The interpretation by these State courts of the meaning and applicability of California statutes, as related to the facts of this case, is not to be disturbed in the absence of a clear and convincing showing of a violation of appellant's rights under the Federal Constitution. We are persuaded that such a showing has not been made in this case. See Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543, 61 S.Ct. 347, 85 L.Ed. 327 and Huddleston v. Dwyer, 322 U.S. 232, 236, 64 S.Ct. 1015, 88 L.Ed. 1245.

In conclusion it is to be noted that appellant made no attempt to secure from a Justice of the California Supreme Court or from a Justice of the Supreme Court of the United States a stay of execution of the judgment of the State Courts—this for the purpose of securing allowance of a reasonable time in which to obtain a writ of certiorari from the Supreme Court of the United States. The reason assigned by appellant for this failure is that he was told by the Clerk of the Supreme Court of California that that Court did not *usually* grant stays and that it would take time to prepare a petition for certiorari.

Upon this showing appellant successfully contended in the lower court that his case was one of "peculiar urgency" which gave that court "jurisdiction" to entertain his petition for a writ of habeas corpus. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.[5] However, the question of "jurisdiction" was not presented on this appeal and such an issue is not before us.

■ While we are in entire agreement with the trial court's disposition of this case on the merits, we nevertheless think that the lower court ought not to have entertained Morgan's petition in view of the fact that under the Rules of the Supreme Court of the United States, rule 38 (6), 28 U.S.C.A., a stay for a reasonable time might have been obtained from a Justice of the Supreme Court of the United States for the purpose of permitting preparation of a formal application for certiorari. See Title 28 U.S.C.A. § 2101(e). If some rational balance is to be preserved in the matter of handling petitions for writs of habeas corpus in Federal District Courts it is proper that petitioners should be required to exhaust available remedies under the present liberal procedure which seems wholly adequate to meet a situation of the character here presented. (See footnote 5.)

The order of the lower court which discharged the writ and remanded appellant to the custody of appellee is affirmed.

---

[4] See text of Section 1549.1, supra.

[5] See Young v. Ragen, 69 S.Ct. 1073, 1074, note 1: "Existing law as declared by Ex parte Hawk was made a part of the statute by the new Judicial Code, 28 U.S.C. § 2254, 28 U.S.C.A. § 2254, which provides: * * *." See also Stonebreaker v. Smythe, 4 Cir., 163 F.2d 498, 501 (decided prior to adoption of the new Judicial Code) in which the principle underlying Sec. 2254 was applied.