**UNITED STATES of America ex rel. Charles CURCIO, Relator,**

v.

**WARDEN, CITY PRISON, QUEENS COUNTY, CITY OF NEW YORK, Respondent.**

No. 2046.

United States District Court
E. D. New York.

Jan. 27, 1956.

Arnold D. Roseman, New York City, for relator.

Frank D. O'Connor, Dist. Atty., Queens County, Jackson Heights, N. Y.

Bernard M. Patten, II, Asst. Dist. Atty.

Stephen J. Masse, Asst. Dist. Atty., Jamaica, N. Y., for respondent.

GALSTON, District Judge.

The attorney for the relator filed a petition praying for a writ of habeas corpus, directed to the Warden of the Queens County City Prison, to produce the relator to enable this court to inquire into the cause of the relator's detention, and seeking the discharge of the relator from detention.

The return filed by the Warden discloses that the relator is in his custody, pursuant to an order of the County Court of Queens County, dated November 22, 1955, which order commanded the Warden to detain the relator for recall for extradition when directed.

Basically the question presented is whether the relator is lawfully in the custody of the Warden, and whether he should be extradited pursuant to a rendition warrant executed by Governor Harriman of the State of New York.

On October 7, 1955 Governor Meyner of the State of New Jersey certified that the relator stands charged with the crimes of keeping and maintaining a common nuisance, manufacturing, possessing and selling narcotics, and conspiracy, committed in the County of Bergen, and that he has fled from the State of New Jersey and has taken refuge in the State of New York. In consequence the Governor of the State of New Jersey, pursuant to the provisions of the Constitution and laws of the United States in such case made and provided, requested the Governor of the State of New York to have the said Charles Curcio apprehended and delivered to Edward L. Staunton or Charles O. Delisle, authorized to receive the relator and convey him to the State of New Jersey to be dealt with according to law.

In seeking Curcio's release it is urged:

(1) That the Governor of the State of New York issued the rendition warrant on insufficient papers.

(2) That the relator had conclusively established that he had not been present in the demanding State on December 22, 1952; and

(3) That he was not given a fair hearing.

What the relator loses sight of is that the New Jersey indictments are not to be tried in the State of New York. It is sufficient that the relator has failed to establish that he is not the person named in the indictments to warrant the

dismissal of this petition. Title 18 U.S. C.A. § 3182, provides in part:

"Whenever the executive authority of any State · * * * demands any person as a fugitive from justice, of the executive authority of any State * * * to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State * * * charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor * * * of the State * * * whence the person so charged has fled, the executive * * * of the State * * * to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear."

■ There were attached to the requisition papers exemplified copies of the three indictments and an affidavit of Guy W. Calissi, the Prosecutor of Bergen County, New Jersey.

The papers before me show with abundant clarity the sufficiency of the extradition record, and that the proceedings in the New York Supreme Court, and in the Appellate Division as well as in the Court of Appeals of the State of New York, fairly disposed of the writ of habeas corpus which the relator sought in the State Court.

See Munsey v. Clough, 196 U.S. 364, et seq., 25 S.Ct. 282, 284, 49 L.Ed. 515. Among ·other things said in that case by Mr. Justice Peckham was:

"The sufficiency of the indictment, as a matter of technical pleading, will not be inquired into on habeas corpus. * * *

"* * * and the question of procedure under the indictment is one for the courts of the state where it was found."

■ So here, by analogy, the question raised by the relator that he was not present in New Jersey at the time of the commission of the alleged crimes is one that he can raise readily enough in New Jersey. It is an issue of fact to be determined by that State and not by this forum.

■ Finally it may be said that though the relator has apparently exhausted his state remedies, the jurisdiction of this court to entertain the petition for a writ of habeas corpus has not been established. See Morgan v. Horrall, 9 Cir., 175 F.2d 404.

The writ of habeas corpus is dismissed. Settle order.