No. 22587.

Bob Preston Conrad *v.* Hugh J. McClearn, Manager of Safety and Excise and Ex-Officio Sheriff of the City and County of Denver, and The People of the State of Colorado.

(445 P.2d 222)

Decided September 16, 1968.     Rehearing denied October 7, 1968.

BRUCE OWNBEY, MORTON DAVIS, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,

Deputy, GEORGE E. DeRoos, Assistant, PATRICIA W. BRIT-TAIN, Deputy District Attorney, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

BOB PRESTON CONRAD (hereinafter called Conrad or Petitioner) appeals from an order of the District Court in and for the City and County of Denver discharging a writ of habeas corpus and remanding him to custody in an extradition proceeding.

Conrad was arrested in Colorado on a governor's warrant, based upon supporting papers from California, charging him with the crime of nonsupport. His wife and three children reside in California. Counsel have stipulated that he is not a fugitive from justice. This proceeding arises under the "non-fugitive" section of Colorado's extradition laws, C.R.S. 1963, 60-1-6.

Petitioner contends that he cannot be extradited to California under C.R.S. 1963, 60-1-6, because (1) the statute denies him equal protection and due process of law under the Fourteenth Amendment; (2) the trial court made no finding that Petitioner intentionally committed an act in Colorado which resulted in a crime in California; (3) California elected its remedy by first proceeding under the Uniform Reciprocal Enforcement of Support Act; and (4) extradition would place Petitioner in double jeopardy. We disagree and affirm the order of the trial court.

I.

Petitioner's contention that his extradition to California under C.R.S. 1963, 60-1-6, deprives him of equal protection and due process is based upon the governor's alleged unrestrained discretion to surrender persons under that section and upon an alleged inadequacy of procedural safeguards relative to the extradition.

██ Petitioner has cited no authority, either directly

or inferentially, supporting his contention that C.R.S. 1963, 60-1-6 is unconstitutional because the surrender of the accused to the demanding state is in the discretion of the governor. On the contrary, our research discloses that some 44 states have adopted 60-1-6 as part of the Uniform Criminal Extradition Act and in no state has it been held unconstitutional. See, *e.g.*, the well-reasoned opinions in *People ex rel. Brenner v. Sain*, 29 Ill.2d 239, 193 N.E.2d 767, and *Clayton v. Wichael*, 258 Iowa 1037, 141 N.W.2d 538. We point out that the governor's discretion is not a completely arbitrary one, but can be exercised only upon a lawful demand or request from the executive authority of another state to surrender only those persons in this state who have been charged by the demanding state with committing an act in this state or a third state which intentionally results in a crime in the demanding state. Our governor cannot proceed as a volunteer, but must act in strict conformity with the law. *Matthews v. People*, 136 Colo. 102, 314 P.2d 906.

█ Petitioner's contention that there is an inadequacy of procedural safeguards in the act is also without merit. The statute expressly requires that a person arrested on a governor's warrant shall be brought before a judge to be advised of the demand made for his surrender and of the crime of which he is charged, and that he has a right to procure legal counsel to test the legality of his arrest. C.R.S. 1963, 60-1-10. Moreover, C.R.S. 1963, 60-1-3 sets out certain additional requirements relative to the demand for his surrender. Neither *Wigchert v. Lockhart*, 114 Colo. 485, 166 P.2d 988, nor *Stobia v. Barger*, 129 Colo. 222, 268 P.2d 409, relied on by the Petitioner are relevant here. Both deal with the failure to comply with the statute itself.

## II.

██ Petitioner argues further that he can be extradited only after a finding by the trial court that he committed an intentional act that resulted in a crime

in California. To rebut the allegation of intent in the warrant, he offered evidence that he was financially unable to make the support payments. We do not construe the statute to require that the trial court find that the accused committed an intentional act. Rather, the question of intent is relevant only to the sufficiency of the demand for extradition. It is not an element to be proved in the responding state. Instead, it is a jurisdictional fact which must appear from the face of the supporting documents. See *Nagel v. Hendrix*, 302 S.W.2d 323 (Mo. App.). Accordingly, the basis for extradition in the instant case is that Conrad has been charged in California in the manner provided in Section 60-1-3 with committing an act in this state, or in a third state, intentionally resulting in a crime in California. C.R.S. 1963, 60-1-6. The trial court was therefore under no duty to admit the evidence offered to prove that Conrad was financially unable to make the support payments.

Since the extradition papers and supporting documents were not certified to this Court, and no question was raised as to them, we must assume that there was compliance with the statutory requirements. See *McConnell v. People*, 157 Colo. 235, 402 P.2d 75.

### III.

We find no merit in Petitioner's contention that California elected its remedy by first proceeding under the Uniform Reciprocal Enforcement of Support Act, C.R.S. 1963, chapter 43, article 2.

The Uniform Reciprocal Enforcement of Support Act itself answers the question, for it provides in 43-2-3, in pari materia, as follows:

"The remedies provided in this article are in addition to and not in substitution for any other remedies."

Since the enactment of the Uniform Reciprocal Enforcement of Support Act in this state, it is true that there are now two distinct courses of action which a demanding state may take with respect to one who does

not carry out his obligations of support to his family, namely, (1) extradition on a criminal charge of non-support, and (2) the initiation of civil proceedings under the Uniform Reciprocal Enforcement of Support Act. However, either or both courses of action may be pursued, and the election lies wholly with the demanding state and the obligee. See *Ex parte Floyd*, 43 Cal.2d 379, 273 P.2d 820.

IV.

█ We also find no merit in Petitioner's argument that extradition will result in double jeopardy. Petitioner has not yet been punished for failure to make support payments either by the Colorado court under the Uniform Reciprocal Enforcement of Support Act, or by the State of California pursuant to its criminal laws. There will be ample time to raise that defense, should there be an attempt to punish Conrad under both the criminal and the civil proceedings.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE McWILLIAMS concur.