Opinion by
Mr. Justice Kelley.
Roscoe O. Wilkerson was arrested by Roy R. Vogt, Sheriff of Arapahoe County, on a warrant issued by the Governor of Colorado in response to a request by the Governor of Kansas. Wilkerson filed a petition for a writ of habeas corpus, challenging the validity of his arrest. The trial court denied his petition. Wilkerson is *111 here by writ of error seeking to reverse the judgment of the trial court.
The record before us contains the petition for the writ of habeas corpus; the writ; the sheriff’s return; the court’s judgment denying the petition and order denying the motion for new trial; also, a transcript of the testimony. The extradition papers and supporting documents were not certified to this court; consequently, we must assume their regularity. Conrad v. McClearn, 166 Colo. 568, 445 P.2d 222, McConnell v. People, 157 Colo. 235, 402 P.2d 75.
Wilkerson’s petition alleged:
“5. That the Petitioner’s arrest and imprisonment and restraint are illegal in that the petitioner is not now, nor has he ever been a fugitive from the State of Kansas in that the subject matter of the controversy herein evolves from a civil action and it is an attempt to collect or to force collection of a debt allegedly owed to certain individuals in Great Bend, Kansas, and is not a criminal matter nor is it criminal in nature, but rather a civil matter, and further that it is an effort to collect a civil debt by way of enforcement of the law through criminal process, which procedure has been condemned.
“6. That the Petitioner’s arrest, imprisonment, restraint and detention are illegal in that the alleged violation of the Kansas Statutes is not a crime, nor does it charge a crime against this petitioner.”
 Petitioner testified that he was in Kansas at the time and place of the allegedly fraudulent transaction set forth in the criminal complaint upon which the extradition proceedings were initiated. He further testified that immediately following the transaction he went to the state of Nebraska and thence to Colorado. Because the complaint is not before us we assume a crime was properly charged under the laws of Kansas. Conrad v. McClearn, supra. The petitioner’s own testimony shows that he “fled from justice” and that he was “found in this state.” C.R.S. 1963, 60-1-2.
*112 The apparent purpose of the balance of the testimony and exhibits offered in behalf of petitioner was to show that the transaction was not fraudulent, and that the other party to the transaction was using the criminal processes for the collection of a civil debt. In effect, Wilkerson is saying that he is not guilty of the offense charged.
The trial court properly recognized its limitations under C.R.S. 1963, 60-1-20, which provides:
“The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceedings after the demand for extradition accompanied by a charge of crime in legal form shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime.”
The trial court, in denying the petition for the writ of habeas corpus, ruled correctly.
The judgment is affirmed.
Mr. Justice McWilliams, Mr. Justice Pringle and Mr. Justice Hodges concur.