**Ex parte James Franklin BRADLEY.**

No. 43217.

Court of Criminal Appeals of Texas.

July 15, 1970.

James S. McGrath, Beaumont, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order entered in the Criminal District Court of Jefferson County remanding appellant to custody for extradition to the State of Oregon to answer a charge of assault with a dangerous weapon contrary to O.R.S. 163.250 (State of Oregon).

At the habeas corpus hearing the State introduced into evidence the Executive Warrant of the Governor of Texas, regular on its face, authorizing the arrest and return of the appellant to the State of Oregon and then rested.

The appellant offered several of the supporting papers into evidence and testified himself. We find nothing therein which defeats the prima facie case made by the introduction of the Governor's Warrant, regular on its face.

Nevertheless, appellant claims that the alleged crime occurred in Oregon more than 10 years prior to the date of the

indictment included among the supporting papers. It is his contention that the offense is barred by the statute of limitation, it being presumed that the laws of Oregon are the same as the laws of this state in an absence of a showing to the contrary. He bases this claim upon the fact that in one portion of the application for requisition the date of the alleged offense is reflected as January 15, 1957. Elsewhere in the said application for requisition, in the indictment and other supporting papers the date of the alleged offense is consistently referred to as January 15, 1967. It is obvious that the date in the portion of the application for requisition relied upon by the appellant is a typographical error. We reject appellant's contention.

Next, appellant contends that the Oregon indictment returned against him was not authenticated by the executive authority as required by Article 51.13, Sec. 3, Vernon's Ann.C.C.P. It appears from the record before us that the said indictment was one of the supporting papers and was annexed to the Oregon Governor's Requisition. The said requisition expressly certifies the annexed documents "to be authentic and duly authenticated in accordance with the laws of this State." We know of no requirement that authentication by the executive authority must be made upon the individual indictment or other instruments.

Appellant's remaining contention is that the trial court erred in remanding him to custody for extradition since the application for requisition was shown to be false. In said application the Oregon District Attorney swore the request was made in good faith and was not to collect a debt or for any private purpose whatsoever, and if the requisition was granted, the criminal proceedings would not be used for any private objects.

We do not regard appellant's testimony as to the difficulties with his wife and father-in-law in Oregon and their threats to put him in prison sufficient to render such application for requisition false or sufficient to defeat extradition.

The judgment is affirmed. A motion for rehearing will not be entertained.