MR. JUSTICE DAY
delivered the opinion of the Court.
Petitioner Harwell’s writ of habeas corpus was quashed in the El Paso District Court, where he sought release in an extradition proceeding to return him to the state of Oregon.
Harwell was convicted of an adult crime in the Eighth Circuit Court of Baker County, Oregon, after entering a plea of guilty. Although he represented to the Oregon court that he was 20 years of age, he was actually aged 16. After *146 judgment of conviction, he escaped from confinement from the adult institution to which he had been sentenced and fled to Colorado. He was apprehended in this state while visiting his mother, who at the habeas corpus hearing verified his age. He was then placed in detention at the Zebulon Pike Juvenile detention center, where he now awaits the outcome of this appeal.
When the State of Oregon filed a request for extradition of petitioner, he filed for a writ of habeas corpus, alleging that extradition should be denied because the court in Baker County lacked jurisdiction to adjudge petitioner guilty of an adult crime. The El Paso district court discharged the writ on a ruling that full faith and credit must be given to the Oregon judgment. The lower court also concluded that it could not adjudicate the question of the Oregon court’s jurisdiction, especially since petitioner had plead guilty. The lower court also suggested that petitioner would have an opportunity for review in Oregon.
Petitioner-appellant contends that the Eighth Circuit Court of Baker County, Oregon, did not possess jurisdictional competence over him. Accordingly, he argues, such a judgment would necessarily be void and not entitled to full faith and credit as guaranteed under U.S. Const, art. IV, § 1. Petitioner also contends that, because of the allegedly void judgment, he has not been substantially charged with a crime as required under Colorado’s extradition statute.
We disagree with petitioner’s arguments and affirm.
 We consider habeas corpus, in this particular instance of interstate extradition, to be a necessarily narrow determination of whether there has been a compliance with our statute, namely, C.R.S. 1963, 60-1-3. Wilkerson v. Vogt, 167 Colo. 109, 445 P.2d 715; Fox, Jr. v. People, 161 Colo. 163, 420 P.2d 412; Self v. People, 133 Colo. 524, 297 P.2d 887. The statutory elements to which we limit our inquiry are whether the petitioner (1) was present in the demanding state at the time charged in the Governor’s warrant and the extradition proceedings, (2) was substantially charged with a crime, and (3) is a fugitive from justice. Dressel v. Bianco, *147 168 Colo. 517, 452 P.2d 756.
Reviewing the documents and papers involved, we find that the statute has been satisfied. Any further inquiry by the lower court or this court would necessarily involve extending the habeas corpus hearing beyond the limits of the statute. It is for the legislature to say under what circumstances we will grant asylum in this state.
The judgment is affirmed.
MR. JUSTICE ERICKSON dissents.
MR. CHIEF JUSTICE PRINGLE does not participate.