785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
W. A. MACGUIRE, Petitioner-Appellant,
v.
RON RICH, JAILER SCOTT COUNTY, KENTUCKY, AND DAVID
ARMSTRONG, ATTORNEY GENERAL OF KENTUCKY,
Defendants-Appellees.
 85-5774
 United States Court of Appeals, Sixth Circuit.
 1/13/86
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and PORTER, Senior District Judge.*
 
 
 2
 This matter is before the Court upon the appellant's motion for bail pending appeal. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 William MacGuire is appealing the denial of his petition for habeas corpus relief filed pursuant to 28 U.S.C. Sec. 2254. MacGuire is incarcerated in Scott County, Kentucky Jail. He was arrested in Kentucky on April 17, 1985 on a rendition warrant issued upon orders of the Kentucky Governor. The warrant was issued in response to a requisition by Florida authorities for the return of the appellant. A warrant submitted by the Florida authorities showed appellant had been charged with unlawfully threatening the Florida Governor and his family by telephone in violation of Sec. 838.021(3)(b) of the Florida statutes. The threats were phoned to Florida while the appellant was in Virginia. MacGuire is resisting extradition to Florida on the basis that Florida is without jurisdiction because the threats were made in Virginia.
 
 
 4
 In accepting the report by United States Magistrate James F. Cook, the district court dismissed the action because the appellant had not exhausted state court remedies. The district court also found that the extradition to Florida was valid on its face.
 
 
 5
 The standard for release on appeal in a habeas action is whether the claim on appeal has substance and whether there is some unusual circumstance making the application exceptional and deserving of special treatment in the interest of justice. Aronson v. May, 85 S.Ct. 3, 13 L.Ed.2d 6 (1964). In this context, it appears the appellant's claims on appeal are without merit.
 
 
 6
 The first issue is whether the appellant has exhausted state court remedies. The appellant filed a state habeas action on May 9, 1985. The present federal action was filed on May 10, 1985. On page 12 of the brief, the appellant states that the state habeas action was argued and denied on May 25, 1985. MacGuire asserts his Kentucky remedies have been exhausted because his court appointed attorney failed to file a notice of appeal. He claims a pro se motion for a delayed appeal was filed in the Kentucky courts in June and is still pending. Since it is possible the Kentucky court may grant the appellant's motion for a delayed appeal, the claims are not exhausted. The district court was correct in dismissing the action on the basis of failure to exhaust. See Koontz v. Glossa, 731 F.2d 365 (6th Cir. 1984).
 
 
 7
 Notwithstanding the exhaustion issue, the substantive contentions in the federal habeas action are without merit. Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. Michigan v. Doran, 439 U.S. 282, 289 (1978). The extradition documents on their face are sufficient. The documents presented included: a Florida warrant, application for requisition, and the affidavit of the requesting state's governor. These documents show the appellant has been charged with corruption by threat in violation of Sec. 838.021(3)(b) of the Florida statutes.
 
 
 8
 The appellant's main challenge to extradition is that he is not a fugitive because he placed the calls from Virginia and is thus outside the jurisdiction of Florida. This argument is without merit. A state may punish acts beyond its boundaries which result in a crime within the state. See Ex Parte Morgan, 78 F.Supp. 756 (S.D. Cal.), aff'd, 175 F.2d 404 (9th Cir. 1948), cert. denied, 338 U.S. 827 (1949). The appellant's argument has been made in many other contexts; basically there are no negative provisions in the Constitution which would prohibit extradition under this circumstance. Ex Parte Bledso, 227 P.2d 680, 683 (Ct. App. Okla. 1951); see also McCullough v. Darr, 219 Kan. 477, 548 P.2d 1245 (1976); Squadroni v. Smith, 349 S.W.2d 700 (Ky. 1961). In fact a section of the uniform criminal extradition act specifically applies to this situation. See KRS 440.210.
 
 
 9
 Accordingly, it is ORDERED that the motion for bail pending appeal is denied, and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation