THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT MESCHINO, Defendant-Appellee.

Third District No. 3—99—0725

Opinion filed July 24, 2000.

James Glasgow, State's Attorney, of Joliet (Matthew Guzman (argued), Assistant State's Attorney, of counsel), for the People.

Roy A. Sabuco (argued) and Michael Renzi, both of Snyder, Sabuco & Beck, P.C., of Joliet, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Robert Meschino and his wife filed separate petitions for dissolution of marriage in Illinois and California, respectively. When defendant failed to return his daughter to California at the end of her summer visitation in Illinois, he was charged with child abduction in California. He refused to waive extradition proceedings and sought to be released from custody in Illinois. The trial court granted his request for a writ of *habeas corpus*, and the State appeals. We reverse and remand for further proceedings.

FACTS

Defendant's wife filed a petition for dissolution of marriage in California in 1995. In 1996, defendant moved to Illinois, and in 1998, he filed a petition for dissolution of marriage here. A month later, his wife obtained an *ex parte* custody order in California. Defendant filed a motion to dismiss the California custody order, which the Illinois trial court granted.

In January 1999, defendant was charged in California with child abduction for conduct that allegedly occurred on or about October 21, 1998, through on or about January 8, 1999. The felony criminal complaint alleged that defendant failed to return his daughter to her mother in California when the child's summer visitation with him in Illinois ended.

Defendant was subsequently taken into custody in Will County pursuant to a governor's warrant obtained by the State of California, and he refused to waive his right to extradition proceedings. He filed an application for a writ of *habeas corpus* seeking discharge from the governor's warrant. After a hearing, the trial court found that the

State had failed to present sufficient evidence and released defendant from custody. The State filed a motion to reconsider, which was denied. The State appeals.

## DISCUSSION

The State argues that the governor's warrant and its attachments satisfy the statutory extradition requirements; thus, the trial court should not have granted the writ of *habeas corpus*.

Two sections of the Uniform Criminal Extradition Act (Act) (725 ILCS 225/1 *et seq*. (West 1998)) apply to this case. Section 3 lists the documents that must accompany a demand for any extradition case. 725 ILCS 225/3 (West 1998). Section 6 permits the extradition of persons who were not present in the demanding state at the time of the criminal act. 725 ILCS 225/6 (West 1998).

Section 3 of the Act requires that a demand for extradition be

> "accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon." 725 ILCS 225/3 (West 1998).

In the instant case, the governor's warrant was accompanied by: (1) an application for requisition by a District Attorney in California and an affidavit; (2) a certified copy of the criminal complaint filed against defendant with affidavits attesting to a finding of probable cause; (3) a certified copy of a police report providing the facts underlying the finding of probable cause; (4) a certified copy of the arrest warrant in California; (5) declarations of the District Attorney in California and an affidavit; (6) declarations of the investigator from the District Attorney's office and affidavit; and (7) the certified photograph and fingerprints of defendant. These documents are sufficient to satisfy the form requirements of the statute.

Section 6 of the Act states:

> "The Governor of this State may also surrender, on demand of the Executive Authority of any other state, any person in this State charged in such other state in the manner provided in Section 3 with committing an act in this State, or in a third state, *intentionally resulting in a crime* in the state whose Executive Authority is making the demand." (Emphasis added.) 725 ILCS 225/6 (West 1998).

Citing section 6, the trial court required evidence from the State showing that defendant intended his conduct to result in the commission of a crime in California. Since the State could not do so, the trial court granted the writ of *habeas corpus*.

"The only purpose of extradition is the return of the fugitive to

the place of the alleged offense; it is not a judicial proceeding to inquire into the merits of the charges. The statute should be accorded liberal construction to accomplish the return of the fugitive summarily ***." *People ex rel. Banks v. Farner*, 39 Ill. 2d 176, 180, 233 N.E.2d 360, 362 (1968). This court must only consider whether the demand was in proper form and whether defendant was substantially and in good faith charged with an offense in California. See *People v. Sain*, 24 Ill. 2d 168, 173, 180 N.E.2d 464, 467 (1962).

In *Newman v. Elrod*, 72 Ill. App. 3d 616, 622, 391 N.E.2d 37, 42 (1979), the court held that the Act is satisfied if the documents supporting a demand for extradition allege the defendant's intent to commit a crime in the demanding state. Other jurisdictions have reached a similar conclusion. In *Conrad v. McClearn*, 166 Colo. 568, 572, 445 P.2d 222, 224 (1968), the court held that trial courts need not consider evidence tending to show the absence of criminal intent because the question of intent is a jurisdictional fact that need only appear on the face of the documents supporting extradition. Similarly, the court in *McCullough v. Darr*, 219 Kan. 477, 484, 548 P.2d 1245, 1250 (1976), held that the allegations of intent contained in the affidavit for requisition and the amended information were sufficient because the court in the extraditing state is not concerned with the defendant's guilt or innocence. See also *Boudreaux v. State of Utah*, 989 P.2d 1103, 1109 (Utah App. 1999); *People ex rel. Schank v. Gerace*, 660 N.Y.S.2d 403, 408 (1997); *In re Mahler*, 177 N.J. Super. 337, 354, 426 A.2d 1021, 1030 (1981); *Hagel v. Hendrix*, 302 S.W.2d 323, 329-30 (Mo. App. 1957).

We have found no cases that have interpreted section 6 in any other way. The intent requirement under section 6 is satisfied if the demanding state recites that the defendant's act "intentionally result[ed] in a crime in the state *** making the demand."

In the instant case, the governor's warrant states that defendant

> "[O]n or about October 21, 1998 through January 8, 1999, while outside the State of CALIFORNIA, committed an act or acts intentionally resulting in the crime(s) of Child Abduction, in Merced County in the State of CALIFORNIA, certified to be a crime under the laws of that State and it having been represented to me that the said subject has taken refuge in the State of Illinois."

In addition, the governor's demand attached to the warrant states:

> "[T]hat under the laws of [California] ROBERT JOHN MESCHINO stands charged with commission of an act or acts in the State of ILLINOIS intentionally resulting in the crime of CHILD ABDUCTION in the State of California, and it has been represented and is satisfactorily shown *** that he is now to be found in the State of ILLINOIS."

Furthermore, count I of the criminal complaint filed in California states:

"ON OR ABOUT OCTOBER 21, 1998, THROUGH JANUARY 8, 1999, DEFENDANT(S)
ROBERT JOHN MESCHINO
DID COMMIT A FELONY, NAMELY, A
VIOLATION OF SECTION 278.5 OF THE CALIFORNIA PENAL CODE, CHILD ABDUCTION, IN THAT SAID DEFENDANT(S) DID WILLFULLY AND UNLAWFULLY TAKE, ENTICE AWAY, KEEP, WITHHOLD, AND CONCEAL A CHILD, TO WIT: DOMINIQUE M.,
OF THE AGE OF 6 YEARS OLD, AND DID MALICIOUSLY DEPRIVE A PERSON, TO WIT: TAMMY REEVES, OF A RIGHT TO VISITATION OR CUSTODY."

These allegations of defendant's intent are sufficient to satisfy the requirements of the Act. The State was not required to present evidence establishing that defendant's alleged conduct was done with criminal intent. See *Newman*, 72 Ill. App. 3d at 622, 391 N.E.2d at 42. The defendant's request for a writ of *habeas corpus* should not have been granted.

## CONCLUSION

For the reasons stated, the judgment of the circuit court of Will County is reversed and remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE and HOMER, JJ., concur.