

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00656-CR

**EX PARTE** Trace **MCKAY**

From the Criminal District Court, Magistrate Court, Bexar County, Texas
Trial Court No. 2017W0541
Honorable Andrew Carruthers, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Karen Angelini, Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: January 10, 2018

AFFIRMED

Appellant Trace McKay appeals the trial court's order denying his application for writ of habeas corpus and granting his extradition to Wisconsin. In a single issue, McKay contends the rendition papers from the demanding state failed to comply with the statutory requirements. We affirm the trial court's denial of habeas corpus relief and the order of extradition to Wisconsin.

## BACKGROUND

McKay was convicted in the State of Wisconsin of the following offenses: escape – criminal arrest, possession of cocaine, possession of cocaine as a party to a crime, and felony bail jumping. McKay was placed on extended supervision, and he subsequently violated the terms of his extended supervision by leaving Wisconsin and taking "refuge" in Texas. Upon demand from the State of Wisconsin, the Governor of Texas issued a Governor's Warrant ordering Texas law

enforcement officials to arrest McKay and deliver him into the custody of Wisconsin authorities. McKay was arrested in San Antonio, Texas, and an extradition order issued.

In his initial application for writ of habeas corpus, which was filed on September 19, 2017, McKay contended the Governor's Warrant did not properly identify him. On September 21, 2017, the trial court held a hearing on the application for writ of habeas corpus, after which the trial court denied McKay's request for relief. On September 22, 2017, McKay filed an amended application for writ of habeas corpus, in which he contended his arrest and subsequent confinement were illegal "because the documents were not in order on their face." The trial court held a hearing on the amended application on September 27, 2017. The trial court denied habeas relief and ordered McKay's extradition to Wisconsin.

This appeal followed.

### STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's ruling on a writ of habeas corpus for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In conducting our evaluation, we view the evidence in the record in the light most favorable to the trial court's ruling. *Id.* A trial court does not abuse its discretion if its ruling lies within the zone of reasonable disagreement. *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

The introduction of a Governor's Warrant that is regular on its face establishes a prima facie case authorizing extradition of the person named in the warrant. *Ex parte Smith*, 36 S.W.3d 927, 928 (Tex. App.—San Antonio 2001, no pet.). The prima facie case may, however, be defeated by defects in the supporting documents. *Ex parte Mason*, 656 S.W.2d 470, 471 (Tex. Crim. App. 1983); *Ex parte Lebron*, 937 S.W.2d 590, 593 (Tex. App.—San Antonio 1996, pet. ref'd). Our review of the denial of habeas corpus relief in an extradition proceeding is restricted to the following four issues: (1) whether the extradition documents on their face are in order; (2) whether

the appellant has been charged with a crime in the demanding state; (3) whether the appellant is the person named in the request for extradition; and (4) whether the appellant is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289 (1978); *Ex parte Lopez*, 988 S.W.2d 788, 789 (Tex. App.—San Antonio 1999, no pet.).

## DISCUSSION

McKay contends "the Wisconsin Governor's demand for Requisition in this case was defective because it was not certified, sealed, or authenticated as required by State or Federal law."[1]  Specifically, McKay argues the Requisition is not properly certified or authenticated pursuant to Texas Code of Criminal Procedure article 51.13 section 3, 18 U.S.C.A. § 3182, or the Rules of Evidence.  The State responds, in part, that the demanding governor's certification as to the authenticity of the documents accompanying the Requisition and Governor's Warrant is sufficient to satisfy article 51.13 section 3 as well as federal law.

As a preliminary matter, we note the Rules of Evidence, except for privilege, do not apply to "proceedings in an application for habeas corpus in extradition."  TEX. R. EVID. 101(d)(1)(C). Therefore, we do not address McKay's arguments relating to the Rules of Evidence.

The Uniform Criminal Extradition Act, codified at Article 51.13 section 3 of the Texas Code of Criminal Procedure provides:

> No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by … a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has … broken the terms of his bail, probation or parole. The … ***copy of indictment, information, affidavit, judgment***

---

[1] The trial court and the parties noted on the record that the copies of the Governor's Warrant and accompanying documentation do not accurately reflect the presence, or lack thereof, of a raised or embossed seal.  The parties agree the Requisition, identified as page five of State's Exhibit No. 1, does not have a seal.  The parties further agreed during the hearing that page four of State's Exhibit No. 1, which is the Agent Appointment, does have a seal.

*of conviction or sentence must be authenticated by the Executive Authority making the demand*; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney.

TEX. CODE CRIM. PROC. ANN. art. 51.13 § 3 (West Supp. 2017) (emphasis added). The United States Code provides:

Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and *produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled*, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C.A. § 3182 (emphasis added).

McKay argues the federal implementation of the extradition clause, quoted above, requires that the demanding state's request be "certified." However, a plain reading of the extradition clause shows that it is the "copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime" that must be certified — not the request itself. Further, a plain reading of article 51.13 section 3 shows the same — it is the "copy of indictment, information, affidavit, judgment of conviction or sentence," rather than the request, that must be authenticated.

The documents introduced into evidence in support of the extradition consist of the Governor's Warrant and cover letter, Agent's Appointment, Requisition, and Application for Requisition with supporting documents. The Requisition signed by the governor of Wisconsin includes the following language: "It appears by the annexed documents, which I certify are authentic … ." Thus, the Requisition certifies to the authenticity of the documents attached to it.

This is sufficient to meet the requirements of both article 51.13 section 3 and the United States Code. *See Ex Parte Bradley*, 456 S.W.2d 370, 371 (Tex. Crim. App. 1970) (approving that the requisition in that case expressly certifies the annexed documents "to be authentic and duly authenticated"). In contrast to appellant's contention, there is no requirement in either the state or federal law requiring that the requisition itself be "certified, sealed, or authenticated." *See* 18 U.S.C.A. § 3182; TEX. CODE CRIM. PROC. ANN. art. 51.13 § 3.

Nothing in the record before us reflects the documents are not what they purport to be. Accordingly, we conclude the trial court did not err by determining the extradition documents are on their face in order.

### CONCLUSION

Based on the foregoing reasons, we overrule McKay's sole issue on appeal and affirm the trial court's order denying habeas corpus relief and the extradition order to return McKay to the State of Wisconsin.

Irene Rios, Justice

DO NOT PUBLISH