**WILLIAM ENNIST v. ROY BADEN, as Sheriff of Manatee County, Florida.**

28 So. (2nd) 160
November 26, 1946

June Term, 1946
Division A

142

*Alvan B. Rowe,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, *Ernest W. Welch,* Special Assistant Attorney General, for appellee.

*John R. Schwartz,* (Poughkeepsie, N. Y.) for the People of the State of New York.

BUFORD, J.:

The record here shows that appellant, William Ennist married Phoebe M. Ennist on December 12, 1943, in Dutchess County, New York. At that time William Ennist was in the U. S. Army. He went overseas in August, 1944, and has not been in the State of New York since about August 23rd, 1944. When he came back from overseas he landed in New Jersey and was discharged from the Army there. This appears to have occurred in December, 1945.

In December, 1944, a child was born to appellant and his wife. Immediately after his discharge he telephoned to his wife and advised her that he was going to Florida, which he did, and he has been in this state since about January 1, 1946.

On February 27th, 1946, appellant was arrested by the Sheriff of Manatee County, Florida, on authority of a telegram from New York and on February 28th appellant filed his peti-

tion for habeas corpus in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. On February 28th appellant was indicted in Dutchess County, New York, which indictment was filed on March 8, 1946, and in which it was charged that:

"The said William Ennist, late of the Town of LaGrange, in the County of Dutchess and State of New York, on or about the 1st day of January, 1946, at the Town of LaGrange in the County and State aforesaid, he, the said William Ennist, being then and there the father and the parent of Wayne Robert Ennist, an infant under the age of sixteen years, to-wit of the age of one year, and he, the said William Ennist, being then and there charged with his care and custody for nurture and education, with force and arms, feloniously and criminally did unlawfully, wilfully and knowingly abandon him, the said Wayne Robert Ennist, in destitute circumstances, and on each and every day continuously from the said 1st day of January 1946, down to and including the date of this indictment, feloniously and criminally did unlawfully, wilfully and knowingly, omit to furnish necessary and proper food, clothing and shelter for him, the said Wayne Robert Ennist, be being then and there the child of him, the said William Ennist, and an infant under the age of sixteen years, to-wit of the age aforesaid, and he, the said Wayne Robert Ennist, being then and there in destitute circumstances and in need of necessary and proper food, clothing and shelter and without money, property or other means to purchase, procure or obtain the same, against the form of the statute in such case made and provided and against the peace of the people of the State of New York and their dignity."

In the return of the sheriff made on April 4, 1946, it is shown that the sheriff held appellant under a warrant of extradition issued by the Governor of Florida upon the requisition of the Governor of New York. The indictment above quoted was referred to as the basis of the extradition to which was attached the certificate of the District Attorney of Dutchess County, New York, together with an affidavit of Phoebe M. Ennist in support of the allegations of the indictment.

The record shows also that the Attorney General's Office held the first requisition to be insufficient and an amended requisition dated March 25, 1946, was filed, though no change had been made in the indictment or in the affidavit made by Phoebe M. Ennist. The change made in the requisition was as follows:

"The accused, on the date said crime was committed, committed an act in a state other than the State of New York intentionally resulting in the commission of said crime in the State of New York, or that the accused was present in this State at the time of the commission of the crime and that he had thereafter fled from the justice of this state and may now be found in the State of Florida."

On final hearing the Circuit Judge remanded appellant to the custody of the Sheriff for delivery and surrender to the authorities of the State of New York in accordance with the extradition warrant from this order, appellant appealed.

It is the contention of the appellee that under the facts of this case the court below correctly determined the issues and that the Governor's warrant was properly issued because of the provisions of Section 3 and 6 of Chapter 20460 and now being sections 941.03 and 941.06 of Fla. Statutes 1941 (same F.S.A.).

It is clearly shown that appellant was not within the State of New York at any time near the time that the offense is alleged to have been committed. Therefore, he is not a fugitive from justice from the State of New York and is not subject to extradition as such. This question has been so many times determined that it is hardly necessary to cite authorities. However, in this connection, see Corkran v. Hyatt 172 N.Y. 176, 64 N.E. 825, 60 L.R.A. 774, 23 Sup. Court 456, 47 Law Ed. 657; Kuney v. State, 88 Fla. 354, 102 So. 547. Since these cases were decided, however, the legislature of Florida enacted Chapter 20460, Acts of 1941, and thereafter it was not necessary to show that one was, or is, a fugitive from justice to warrant extradition. In 22 Am. Jurisprudence 250 it is said:

"A state may also, in the exercise of its reserved sovereign power and as an act of comity to a sister state, provide by

statute for the surrender, on requisition, of persons who are indictable for a crime committed through their constructive presence in such sister state, even though they have never been corporally within such state and have never fled therefrom to escape arrest and punishment since, in the absence of such statute, such persons are not subject to extradition by the latter state."—and again it is said:

"While it has been declared that state laws cannot make any requirements further than those made by the Act of Congress, yet the laws of a state may require the Governor to surrender a fugitive on terms less exacting than those imposed by the Act of Congress, and also that the states may provide for cases not provided for by the United States."

Numerous authorities are cited in support of the text. To the same effect see 19 Cyc. 85, and Ex Parte Innes 77 Texas Criminal Reports 351, 103 S.W. 291, L.R.A. 1916C 1251.

The judgment in the Innes case was affirmed by the United States Supreme Court in the case of Innes v. Tobin, 240 U.S. 127, 60 L. ed. 562, 36 Sup. Ct. 350. In the Supreme Court Mr. Chief Justice WHITE delivered the opinion of the court and discussed at some length and with clarity, the power of the states to supplement by legislative enactment the Congressional Acts which were intended to implement the provisions of the Federal Constitution regarding extraditions between the states of persons charged with crime.

Another exhaustive opinion on the subject was rendered in the case of Culbertson v. Sweeney, 70 Ohio App. 344, 44 N.E. (2nd) 807. Cassis v. Fair, 126 W. Va. 557, 29 S.E. (2nd) 245, 151 A.L.R. 233, involved the same question which we now have under consideration. That is, whether or not a statute such as Sec. 941.06, supra, contravenes that part of Sec. 2 of Article IV of the Federal Constitution, which reads as follows:

"A person charged in any state with treason, felony or other crime who shall flee from justice and be found in another state, shall, on demand of Executive Authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime."

In that case it was held, as it was in the Culbertson case, that there was no conflict with the Constitution and that the act was a valid exercise of state legislative power.

This brings us to the necessity of determining whether or not Sec. 941.06, supra, has been complied with in this case. It will be observed that Sec. 941.06 provides that "The Governor of this State may also surrender on demand of the Executive Authority of any other state any person in this state *charged in such other state in the manner provided in Sec. 941.03 with committing an act in this state or in a third state* intentionally resulting in a crime in the state whose Executive Authority is making the demand." (Emphasis supplied.)

Now, when we come to consider how the person is to be charged as provided by Sec. 941.03 we find that it is required that the demand for extradition shall be "accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state." So, when the two sections are read in paria materia they require that the person sought to be extradited shall be charged by indictment, information or affidavit with committing an act in this state or in a third state intentionally resulting in a crime in the state whose executive authority is making the demand. The indictment in the instant case does not meet that requirement. This indictment alleges that the accused did on the 1st day of January, 1946, in the Town of LaGrange in the County of Dutchess and State of New York commit the crime, and entirely fails to charge the accused with committing an act in this state or in a third state intentionally resulting in a crime in the State of New York.

We think that it is essential that the indictment, information or affidavit under which extradition is sought to be issued within the purview of this state statute must allege that at the time the alleged crime was committed the accused was then either in this state or that he was then in a third state (named in the charging document) and in the state named committed an act intentionally resulting in a crime in the state whose executive authority is making the demand, or

must contain a showing that the accused was in the demanding state at the time the crime was committed, and that otherwise the extradition warrant cannot lawfully issue.

In the case of State ex rel. Peck v. Chase, Sheriff, 91 Fla. 413, 107 So. 514, Mr. Justice BROWN, speaking for the Court, said:

"We notice that it has been contended in some of the cases in the books that on account of the high office held by the chief executive of a State, the validity of his warrant of arrest in extradition cases should not be closely questioned upon hearings before the courts on writs of this kind. No such contention is made in this case. Counsel representing both the State and the defendant concede that this is a government of laws and not of men, and that even an instrument of such dignity as an executive warrant is open to full inquiry as to its legal sufficiency upon the hearing on the ancient writ of habeas corpus at the suit of the humblest of individuals. This is a government of laws and not of men. District Judge Pope in the early case of Ex parte Smith, above cited, after referring to the history of the writ, observed, in somewhat florid language of the time: 'Magna Charta established the principles of liberty; habeas corpus protected them. It matters not how great or obscure the prisoner, how great or obscure the prison-keeper, this magnificent writ, wielded by an independent judge, reaches all. It penetrates alike the royal towers and the local prisons from the garret to the secret recesses of the dungeon. All doors fly open at its command, and the shackles fall from the limbs of prisoners of state as readily as from those committed by subordinate officers. The warrant of the King and his Secretary of State could claim no more exemption from that searching inquiry 'the cause of his caption and detention' than a warrant granted by a justice of the peace'."

Our conclusion is that the indictment constituting the charge upon which extradition of appellant is demanded is insufficient to constitute the basis for a warrant of extradition under Sec. 941.06, supra, and that as it is conclusively shown that appellant was not in the State of New York when the alleged crime was alleged to have been committed and has not

fled said state since the alleged commission of such crime, his extradition is not warranted under any other act or law.

For the reasons stated, the judgment is reversed and the cause remanded with directions that appellant be discharged.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.