■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM G. BUTLER, Respondent, v. WALTER J. FLOOD, as Warden of Nassau County Jail, Appellant. — Judgment of the Supreme Court, Nassau County, dated July 14, 1966, which sustained a writ of habeas corpus, affirmed, without costs. Relator was indicted in New Hampshire for having committed in that State the crime of desertion. It was conceded by both sides that he was not in New Hampshire when the alleged crime was committed. Therefore, in order for him to be extradited, the indictment had to comply with the provisions of section 834 of the Code of Criminal Procedure. Under section 834, the crime for which extradition is sought must be punishable under the laws of New York. The hearing court, holding that it was not clear to it that the New Hampshire crime of desertion was punishable under the laws of New York, sustained the habeas corpus writ and ordered relator discharged from custody. In our opinion, the crime of desertion, for which relator was indicted in New Hampshire, is punishable in New York under subdivision 1 of section 482 of the Penal Law (*People ex rel. Robert* v. *Warden*, 114 N. Y. S. 2d 13). However, since the New Hampshire indictment failed to comply with an additional requirement of section 834 of the Code of Criminal Procedure that it charge relator with committing an act in New York (or in a third State) intentionally resulting in a crime in the

demanding State, it was not error to sustain the writ and discharge relator from custody (cf. *People ex rel. Robert* v. *Warden, supra; People ex rel. Faulds* v. *Herberich,* 89 N. Y. S. 2d 24, affd. 276 App. Div. 852, affd. 301 N. Y. 614; see, also, *Ennist* v. *Baden,* 158 Fla. 141). Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.