(No. 43261.—

THE PEOPLE *ex rel.,* LLOYD A. FRYE, Sr., Appellant, v. JOSEPH I. WOODS, Sheriff, Appellee.

*Opinion filed March 21, 1972.*

LOUIS A. LEHR, JR., of Chicago, (PAUL L. LEEDS and ARNSTEIN, GLUCK, WEITZENFELD & MINOW, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL and JAMES R. STREICKER, Assistant Attorneys General, and ROBERT A. NOVELLE and ARTHUR L. BELKIND, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

In this *habeas corpus* proceeding, relator, an Illinois resident, seeks release from a warrant issued by the Governor of this State for his extradition to Oregon to face charges on an indictment returned by a grand jury of Multnomah County. The indictment charges relator and a corporation bearing his name with four counts of air pollution. The circuit court of Cook County quashed the petition for the writ of *habeas corpus* and ordered the relator delivered to the agent of the demanding State. This appeal followed.

There is no claim that the relator was present in the State of Oregon at the time of the commission of the alleged crime. The evidence at the *habeas corpus* hearing establishes that the relator has not been present in Oregon since 1965, and not at any time in 1969 when the alleged offenses were committed. This is, therefore, not the usual situation within the purview of section 3 of the Uniform Criminal Extradition Act (Ill.Rev.Stat. 1969, ch. 60, par. 20) where extradition is sought of a "fugitive" alleged to have been present in the demanding State at the time of the commission of the criminal act and who thereafter fled the jurisdiction.

The circuit court in denying relator's petition for the

writ held that extradition would be allowed under section 6 of the Act (Ill.Rev.Stat. 1969, ch. 60, par. 23), which provides that the Governor of this State may also surrender any "person in this State charged in such other state *** with committing an act in this State, or in a third state, intentionally resulting in a crime in the state whose Executive Authority is making the demand."

The relator, Lloyd A. Frye, Sr., is Chairman of the Board of the Lloyd A. Frye Roofing Company, a corporation. This corporation operates 27 roofing companies, one of which is located in Multnomah County, Oregon. The relator and the corporation were indicted in a four-count indictment, each count of which charged that "the said Lloyd A. Frye, Sr., and Lloyd A. Frye Roofing Company, a corporation, and each of them *** in Multnomah County, State of Oregon, did unlawfully and willfully discharge into the atmosphere from a single source of emission an air contaminant ***." From the language of the indictment it is evident that the relator is charged with committing a crime in Multnomah County, Oregon, on the dates specified. However, the application for requisition of the district attorney for Multnomah County to the Governor of Oregon recites that on the dates specified "Lloyd A. Frye, Sr., by Lloyd A. Frye Roofing Company, discharged into the atmosphere emissions from its asphalt roofing plant ***" and states that the accused while in the State of Illinois committed an act resulting in said crime. From this application for requisition, it is clear that the district attorney of Multnomah County is seeking to have the relator extradited under section 6 of the Uniform Act. However, the Governor's requisition from the State of Oregon certifies that the accused was present in the State of Oregon at the time of the commission of the crime and thereafter fled from the State of Oregon, and requests that the fugitive be apprehended and delivered to the agent of the State authorized to receive and convey said fugitive to the State of Oregon.

Likewise, the rendition warrant issued by the Gover-

nor of the State of Illinois recites that the relator is charged with having committed offenses on certain dates specified, in the County of Multnomah in the State of Oregon, and recites that said relator is a fugitive from justice and has fled from the State of Oregon and taken refuge in the State of Illinois.

It is apparent from the indictment, the Governor's requisition from Oregon, and the rendition warrant issued by the Governor of Illinois that the defendant was charged with having committed a crime in the State of Oregon and that extradition was sought under section 3 of the Uniform Act.

The respondent claims that any defect in the requisition from Oregon or the rendition warrant can be cured by the introduction of the supporting documents pursuant to which the rendition warrant was issued, citing *May v. Sexton (1966), 35 Ill.2d 585.* Respondent points out that the request for requisition which the district attorney of Multnomah County, Oregon, forwarded to the Governor of Oregon shows that the extradition is sought under section 6 since it states that the accused, while in the State of Illinois, committed an act resulting in said crime. Relying on *May,* respondent contends that this request for requisition cures the defects in the rendition warrant.

The underlying papers, however, which must support the rendition warrant in this case, are the requisition from the Governor of Oregon and the indictment. (Ill.Rev.Stat. 1969, ch. 60, pars. 20, 23.) The district attorney's request for requisition was only a request to the Governor of Oregon to issue a requisition for the extradition of the relator. This is not a document required by the statute as the basis for an extradition warrant.

In *People ex rel. Ritholz v. Sain (1962), 24 Ill.2d 168,* this court stated at page 172: "*** we adhere to the view of the majority that legal deficiencies in the rendition warrant may be cured, in *habeas corpus* proceedings for the discharge of the fugitive, by including with the return of the sheriff or producing at the hearing the papers upon

which the warrant was issued and *which show that the warrant was justified."* (Emphasis supplied.)

In our case it is not the request of the district attorney to the Governor of Oregon which shows that the rendition warrant is justified. Here the indictment charging the relator with a crime is the indispensable document which justifies the issuance of the rendition warrant. The indictment supports the warrant and does not alter or change it from a warrant under section 3 of the Act to one under section 6.

This case is clearly distinguishable from *May,* in which case the Governor's warrant recited that it was based on an affidavit, warrant or complaint made before a magistrate, whereas it was in fact supported by an indictment. This court held that the indictment being before the court could properly be considered as curing a defect in the Governor's warrant.

When it appears from the evidence beyond all reasonable doubt that the relator was out of the demanding State when the offense was committed, he is entitled to his release. *(People ex rel. O'Mara v. Ogilvie (1966), 35 Ill.2d 287; People ex rel. Garner v. Clutts (1960), 20 Ill.2d 447.)* Relator's absence from the State of Oregon not being questioned, he could not be held under the rendition warrant issued by the Governor of Illinois. Since the underlying papers fail to support extradition proceedings under section 6 of the Act, the circuit court of Cook County was in error in treating the Governor's extradition warrant as a warrant under section 6 of the Act. The petition for the writ of *habeas corpus* should be allowed and the relator discharged.

The judgment of the circuit court is reversed and the cause remanded, with directions for relator's discharge.

*Reversed and remanded, with directions.*