STATE OF KANSAS, APPELLANT, V. N. J. HOLEB, ALSO KNOWN
AS N. J. HOLUB, APPELLEE.

196 N. W. 2d 387

Filed April 14, 1972. No. 38168.

Clarence A. H. Meyer, Attorney General, and James
J. Duggan, for appellant.

Nye, Wolf & Hove, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a habeas corpus proceeding instituted by ap-
pellee for the purpose of resisting extradition to the

State of Kansas. The Kansas requisition papers disclose that Holub was charged with having knowingly, in the State of Kansas, drawn, made, uttered, issued, and delivered an insufficient fund check. The record further discloses that the check was drawn on Holiday Markets, Inc., d/b/a Kearney Packing Company, signed by Holub as treasurer, and mailed to Chandler Livestock Auction, Inc., in Kansas. The Kearney Packing Company was a Nebraska concern and the check was drawn and mailed in Nebraska in payment of cattle purchased after receipt of word from the company's purchasing agent in Kansas as to the amount due Chandler Livestock Auction. The cattle were sold on September 10, the check dated September 11, the cattle loaded out on September 14, and the check received on either September 14 or 15. The district court entered judgment for appellee. We reverse that judgment.

The pertinent Kansas statutes are as follows: "(1) Giving a worthless check is the making, drawing, issuing or delivering or causing or directing the making, drawing, issuing or delivering of any check, order or draft on any bank or depository for the payment of money or its equivalent with intent to defraud and knowing, at the time of the making, drawing, issuing or delivering of such check, order or draft as aforesaid, that the maker or drawer has no deposit in or credits with such bank or depository or has not sufficient funds in, or credits with, such bank or depository for the payment of such check, order or draft in full upon its presentation.

"(2) In any prosecution against the maker or drawer of a check, order or draft payment of which has been refused by the drawee on account of insufficient funds, the making, drawing, issuing or delivering of such check shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds in, or on deposit with, such bank or depository, * * *." K.S.A. 1971 Supp. 21-3707.

"(1) An individual who performs criminal acts, or causes such acts to be performed, in the name of or on behalf of a corporation is legally responsible to the same extent as if such acts were in his own name or on his own behalf." K.S.A. 1971 Supp. 21-3207.

Appellee contends that he committed no crime in Kansas. It is true that the check was drawn and made in Nebraska, not Kansas. However, the drawing, making, and mailing of the check in Nebraska resulted in its issuance and delivery in Kansas which is a violation of the Kansas statute. " 'Issue' means the first delivery of an instrument to a holder or a remitter." § 3-102(1) (a), U.C.C. " 'Delivery' * * * means voluntary transfer of possession." § 1-201(14), U.C.C. When a person is the first party to a transaction to make use of the mails and thereby effects delivery of an instrument, he has made the postal service his agent. See, First Nat. Bank v. Ernst, 117 Neb. 34, 219 N. W. 798; Fairchild v. Fairchild, 176 Neb. 95, 125 N. W. 2d 191.

Appellee attacks the extradition proceedings on the ground that there is some variance between the complaint and the facts shown in the requisition papers. As mentioned above, the check was actually drawn and made in Nebraska rather than in Kansas as alleged. The requisition does reveal the true facts and is sufficient to apprise appellee of the true nature of the offense charged. It clearly appears that appellee is charged with doing certain acts in Nebraska which resulted in a crime in Kansas. The variance is not fatal. It is immaterial that the complaint did not specifically allege the commission of acts in this state intentionally resulting in a crime in Kansas when the requisition makes such facts clear. See, In re Cooper, 53 Cal. 2d 772, 3 Cal. Rptr. 140, 349 P. 2d 956; Self v. People, 133 Colo. 524, 297 P. 2d 887. In People ex rel. Robert v. Warden of New York City Prison, 114 N. Y. S. 2d 13, it was held: "Substantial rights of citizens must be protected, but constitutional and statutory provisions relating to inter-

state extradition must be liberally construed to effectuate their purpose, and courts of one state must avoid a view of their duties so narrow as to afford permanent asylum to offenders against laws of another state."

Appellee also urges that the extradition warrant issued by the Governor of Nebraska is defective in that it states appellee is a fugitive from justice. Historically, to be a fugitive from justice, one had to be in the state where the crime was committed at the time of its commission. Prior to the adoption of provisions contained in the Uniform Criminal Extradition Act, status as a fugitive was essential to extradition. This is no longer the case. One who commits an act in one state intentionally resulting in a crime in another state may now be extradited. See § 29-734, R. R. S. 1943. Although not within the formerly adhered to strict definition of a fugitive, one who thus seeks to evade the administration of justice in the state where the offense was perpetrated is, in essence, a fugitive from the justice of such state. Under similar circumstances it was held in Clayton v. Wichael, 258 Iowa 1037, 141 N. W. 2d 538, that: "The statement in the Governor's warrant that plaintiff is a fugitive from justice from Oregon and has taken refuge in Iowa in view of the record before us must be disregarded as surplusage." Of similar import are People ex rel. Brenner v. Sain, 29 Ill. 2d 239, 193 N. E. 2d 767; Harrison v. State, 38 Ala. App. 60, 77 So. 2d 384.

We conclude that the extradition proceeding is valid and the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.