No. 47,710

JOHN DEAN, *Appellant,* v. SHERIFF OF LEAVENWORTH COUNTY and
AGENTS OF THE STATE OF TEXAS, *Appellees.*

(538 P. 2d 725)

Opinion filed July 17, 1975.

*Thomas M. Dawson,* of Leavenworth, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, and *Patrick J. Reardon,* county attorney, were on the brief for the appellees.

*Per Curiam:* This is an appeal from the denial of John Dean's petition for a writ of habeas corpus. The petition stems from extradition proceedings initiated by the Governor of Texas following Dean's release from the United States Penitentiary at Leavenworth, Kansas. The petitioner had entered a plea of guilty to a burglary charge in Texas and was sentenced to twelve years confinement. Petitioner was also convicted in United States District Court on a federal charge and was sentenced to twelve years. He was transferred to the United States Penitentiary at Leavenworth, Kansas, to serve his sentence.

The issue presented concerns the sufficiency of the requisition and demand from the Governor of Texas. More specifically, petitioner alleges that the requisition and demand did not comply with the provisions of K. S. A. 22-2703. 22-2703 provides in substance that extradition may be obtained where:

". . . the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole, or that the sentence or some portion of it remains unexecuted and that the person claimed has not been paroled or discharged or otherwise released therefrom."

In the present case the demand alleged that the petitioner had escaped.

On appeal the petitioner contends that he never "escaped" from the custody of Texas. Therefore he alleges the demand was defective and should not have been recognized by the Governor of Kansas. The Governor's warrant is prima facie evidence that the petitioner is a fugitive and the burden is upon the petitioner to overcome the prima facie case made by the warrant. (*Powell v. Turner,* 167 Kan. 524, 207 P. 2d 492.) Petitioner was convicted

and sentenced in Texas for burglary, thereafter he was transferred to Kansas to serve his federal sentence. The application for requisition states:

> "The circumstances by which the said JOHN DEAN has escaped are as follows: he was released by Leavenworth Kansas Penitentiary after serving federal sentence and arrested by Leavenworth Sheriff for this department."

The foregoing indicates that petitioner did not, in the literal sense, escape. Thus, under the facts alleged in the application for requisition, the appropriate statement in the demand pursuant to K. S. A. 22-2703 would appear to have been that the "sentence or some portion of it remains unexecuted" rather than the allegation of escape.

Nonetheless, in every other regard the application for requisition clearly indicates that the petitioner is a fugitive from justice. (*Woody v. State*, 215 Kan. 353, 524 P. 2d 1150.) The statutory requirements for requisition and demand have been met. The document clearly shows that petitioner was convicted of the crime of burglary in Texas and that he is a fugitive. Petitioner's contention amounts to nothing more than a technicality which should not operate to void an otherwise proper extradition request.

The judgment of the district court is affirmed.

FROMME, J., not participating.