No. 48,161

ALAN J. GREENBAUM, *Appellant*, v. JOHNNIE DARR, SHERIFF OF SEDGWICK COUNTY, KANSAS, *Appellee.*

(552 P. 2d 993)

Opinion filed July 23, 1976.

*Thomas A. Wood,* of Wichita, argued the cause and was on the brief for the appellant.

*Christopher A. Randall,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Robert L. Kennedy, Jr.,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a proceeding for a writ of habeas corpus following the arrest of the petitioner, Alan J. Greenbaum, pursuant to a warrant issued by the Governor of Kansas in response to an extradition requisition brought by the Governor of Texas. The Sedgwick district court denied Greenbaum's petiton for relief whereupon he perfected an appeal to this court.

The facts leading to petitioner's arrest may be summarized briefly. On or about March 13, 1975, the Tarrant County, Texas, grand jury returned three bills of indictment against Greenbaum. In case No. 3581, Greenbaum was charged in four separate felony counts with various illegal and fraudulent sales of securities to a Mrs. Ida Joe Phelps on March 15, 1972. All of the named offenses were alleged to have been committed in Texas. In case No. 3582, Greenbaum was charged with five felony counts involving the sale of securities in Texas to the same Mrs. Phelps on January 8, 1972. The indictment further alleged that Greenbaum was absent from Texas from January 8, 1972, through March 6, 1975, except for October 2, 1972. In case No. 3583, Greenbaum was charged in five felony counts with violations of the securities law in the sale of securities in Texas

to R. Mitchell Baxter on or about March 22, 1972. Nowhere in the indictments was it alleged that any of the acts occurred outside Texas.

As a result of these indictments, the district attorney for Tarrant County, Texas, initiated an "Application for Requisition" with the Governor of Texas, requesting the arrest and return of the petitioner from the State of Kansas. In the application the district attorney stated that petitioner had been charged with violation of the Texas Securities Act, which said crime was alleged to have been committed in Tarrant County, Texas. Alleging that petitioner was a fugitive from Texas and had taken refuge in Kansas, the application acknowledged that ". . . although the said accused was not personally present in the State of Texas at the time of the commission of the said crime that the accused performed acts outside the State of Texas which resulted in the described offense within the State of Texas. . . ."

In response to the application, the Governor of Texas thereupon made demand on the Governor of Kansas for the extradition of petitioner to Texas. The requisition affirmed that petitioner had been charged with the violation of the Texas Securities Act, contrary to Art. 581-29, V. A. T. S., "by intentionally committing an act in the State of Kansas resulting in said crime in this State."

On September 12, 1975, the Governor of Kansas issued a warrant for the arrest and rendition of petitioner to the Texas authorities. Pursuant to this authority, petitioner was arrested by the Sedgwick county sheriff. Petitioner immediately filed a writ of habeas corpus which was heard and denied by the Sedgwick district court.

Extradition is governed by the Kansas Uniform Criminal Extradition Act (K. S. A. 22-2701, *et seq.*). Section 22-2703 thereof covers extradition of a fugitive who was "present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state." It provides, *inter alia*, that no demand for extradition of a person charged with a crime in another state shall be recognized by the governor of this state unless the accompanying indictment, information affidavit or affidavit made before a magistrate substantially charges the person demanded with having committed a crime under the law of that state.

In the instant case, petitioner was not charged with having been in the demanding state at the time of the commission of the crimes. To the contrary, the written requisition demand issued by the Texas Governor alleged that petitioner committed acts in the State

of Kansas which resulted in crimes in Texas. This brings into operation K. S. A. 22-2706, which permits the extradition of any person charged with committing an act in this state, or in a third state, intentionally resulting in a crime in the demanding state. That section reads:

"The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 22-2703 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this act not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

Both 22-2703 and 22-2706 are identical to the corresponding provisions of the Uniform Criminal Extradition Act and the constitutionality of these provisions has been upheld on numerous occasions. (See, 11 U. L. A. Crim. Law and Proc., §§ 3 and 6, and the cases cited therein.) The problem in the instant case arises from the fact the indictments accompanying the governor's requisition failed to formally charge petitioner with having intentionally committed acts in Kansas resulting in offenses in Texas. Petitioner argues the Kansas Governor's warrant was fatally defective because of this omission.

Petitioner urges this court to follow the line of authority which holds that statutes such as 22-2706, which provide for extradition of non-fugitives, should be strictly construed. For cases from other jurisdictions which follow this principle, see *Com. ex rel. Spivak, Appellant, v. Heinz,* 141 Pa. Super., 158, 14 A. 2d 875 (1940), and *Matthews v. People,* 136 Colo. 102, 314 P. 2d 906 (1957). Although we are aware of the constitutional limits on the extradition of non-fugitives which must be closely adhered to, it has been the often stated position of this court that the governor's warrant issued in an extradition proceeding is presumed to be valid and regular in all respects, thus casting the burden of proof upon the petitioner to overcome the prima facie case made by the warrant. (*McCullough v. Darr,* 219 Kan. 477, 548 P. 2d 1245; *Dean v. Sheriff of Leavenworth County,* 217 Kan. 669, 538 P. 2d 725; *Woody v. State,* 215 Kan. 353, 524 P. 2d 1150, cert. den. 419 U. S. 1003, 42 L. Ed. 2d 278, 95 S. Ct. 322; *McTigue v. Rhyne,* 180 Kan. 8, 298 P. 2d 228; *Powell v. Turner,* 167 Kan. 524, 207 P. 2d 492, cert. den. 338 U. S. 835, 94 L. Ed. 509, 70 S. Ct. 41.)

In an attempt to meet this burden petitioner attacks the governor's warrant on the basis of the insufficiency of the supporting indictments. A careful reading of 22-2706 demonstrates that in order to extradite a person not present in the demanding state at the time of the commission of the crime, the person must be charged "in the manner provided in section 22-2703 with committing an act in this state, or in a third state, intentionally resulting in a crime" in the demanding state. By reference to 22-2703, it is clear that the governor's demand must be accompanied by an indictment, information affidavit, or affidavit made before a magistrate, substantially charging the person with a crime under the laws of the demanding state. Petitioner contends the language of the two statutes read in *pari materia* requires that the indictment, information or affidavit charge him with committing an act in this state, or in a third state, intentionally resulting in a crime in the demanding state. Since the indictments against petitioner all charged the acts took place in Tarrant County, Texas, and none of the indictments alleged the illegal acts took place outside the State of Texas, petitioner argues the Governor of Kansas lacked jurisdiction to issue his warrant.

In support of his position petitioner cites the case of *Ennist v. Baden*, 158 Fla. 141, 28 So. 2d 160 (1946), where under similar facts the Supreme Court of Florida held that a New York indictment was insufficient to warrant the accused's extradition for failing to charge him with committing in Florida, or in a third state, an act intentionally resulting in a crime in the demanding state. To the same effect are *People ex rel. Butler v. Flood*, 29 App. Div. 2d 692, 287 N. Y. S. 2d 150 (1966), and *People ex rel. Coryell v. Flood*, 36 App. Div. 2d 977, 322 N. Y. S. 2d 162 (1971), from the New York Supreme Court.

While we acknowledge that a strict construction of the statutes involved could lead to the conclusion now urged upon us by petitioner, we believe the better rule is to judge the substantiality of the "charge" for purposes of extradition by consideration of the indictments in conjunction with the supporting requisition documents. A case in point is *In Re Cooper*, 53 Cal. 2d 772, 3 Cal. Rptr. 140, 349 P. 2d 956 (1960), appeal dismissed and cert. den. 364 U. S. 294, 5 L. Ed. 2d 83, 81 S. Ct. 104. In an appeal from a habeas corpus proceeding wherein petitioner challenged extradition to Pennsylvania, the Supreme Court of California held extradition was proper despite the fact the Pennsylvania indictments alleged only

that the petitioner committed crimes in that state. The court noted that along with the demand was an affidavit made before a magistrate by an investigator of the district attorney's office, which alleged that petitioner did the illegal acts in the State of California and it intentionally resulted in the commission of crimes in Pennsylvania. Relying on these documents the court concluded:

"Since section 1548.2 [counterpart of K. S. A. 22-2703] provides that the essential facts may be charged either by an indictment, an information, or by an affidavit made before a magistrate, it is immaterial that the indictments did not allege the commission of acts in this state intentionally resulting in crimes in Pennsylvania. Such allegations were expressly set forth in the affidavits." (p. 777.)

The court further reasoned:

"Sections 1549.1 [counterpart of K. S. A. 22-2706] and 1548.2 [counterpart of K. S. A. 22-2703] do not provide that the indictment alone or the affidavit alone must sufficiently allege all of the facts necessary to support extradition under section 1549.1. To add such a provision would exalt form over substance. Protection from unjustified extradition does not lie in reading into the extradition laws purely technical requirements that a forewarned prosecutor could easily meet, but in the sound judgment of the respective Governors charged with the administration of those laws. Their judgment is entitled to great weight. As the United States Supreme Court stated, in reviewing the sufficiency of an affidavit to support extradition pursuant to federal law, 'When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective States concerned as a sufficient basis, in law, for their acting—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive—the judiciary should not interfere, on *habeas corpus,* and discharge the accused, upon technical grounds, and unless it be clear that what was done was in plain contravention of law.'" (p. 779.)

In a similar situation the Supreme Court of Nebraska held it was immaterial that the complaint attached to the requisition papers did not allege the commission of acts in Nebraska intentionally resulting in a crime in Kansas when the governor's requisition made such facts clear. (*State of Kansas v. Holeb,* 188 Neb. 319, 196 N. W. 2d 387 [1972].) The court said:

"Appellee attacks the extradition proceedings on the ground that there is some variance between the complaint and the facts shown in the requisition papers. As mentioned above, the check was actually drawn and made in Nebraska rather than in Kansas as alleged. The requisition does reveal the true facts and is sufficient to apprise appellee of the true nature of the offense charged. It clearly appears that appellee is charged with doing certain acts in Nebraska which resulted in a crime in Kansas. The variance is not fatal. It is immaterial that the complaint did not specifically allege the commission

of acts in this state intentionally resulting in a crime in Kansas when the requisition makes such facts clear. [Citations omitted.] In People ex rel. Robert v. Warden of New York City Prison, 114 N. Y. S. 2d 13, it was held: 'Substantial rights of citizens must be protected, but constitutional and statutory provisions relating to interstate extradition must be liberally construed to effectuate their purpose, and courts of one state must avoid a view of their duties so narrow as to afford permanent asylum to offenders against laws of another state.' " (pp. 321, 322.)

For cases from other jurisdictions which have looked beyond the indictment to other requisition papers to determine the adequacy of the "charge" in extradition cases, see: *In Re Harris*, 170 O. S. 151, 163 N. E. 2d 762 (1959) (where the court considered both the affidavit of the complaining witness and the application for requisition made by the district attorney to establish that the act of defendant was committed in Ohio and intentionally resulted in a crime in Wisconsin), and *Ex Parte Arrington*, 270 S. W. 2d 39 (Mo. 1954) (where the court looked to all of the requisition papers before the governor to establish the facts required by the statute even though technically the demand did not contain the words "present in the demanding state.")

In the instant case, the Texas Governor's demand states that petitioner was charged with violation of the Texas Securities Act by intentionally committing an act in Kansas resulting in a crime in Texas. All of the accompanying indictments charge that the prohibited acts took place in Texas. The indictments, however, point out that petitioner was absent from the State of Texas during the period in which the Texas violations were alleged to have occurred. In fact, the deposition of the complainant, Phelps, which was introduced by petitioner, confirms the prohibited acts took place in Kansas.

The requisition papers also included the district attorney's "Application for Requisition," sworn to before a magistrate, which averred that petitioner performed acts outside the State of Texas which resulted in the described offense within the State of Texas. Petitioner does not dispute that the acts complained of were committed in Kansas, nor does he deny they resulted in a crime in Texas. His sole complaint is the failure of the indictments to specifically allege that the acts were done in Kansas. Under these circumstances, we cannot say the failure of the indictments to formally charge petitioner with committing an act in Kansas intentionally resulting in a crime in Texas was fatal to the extradition. Petitioner's complaint amounts to little more than a techni-

cality, which should not operate to void an otherwise valid extradition. (*McCullough v. Darr*, supra; *Dean v. Sheriff of Leavenworth County*, supra.)

The judgment of the lower court denying petitioner's writ of habeas corpus is affirmed.