No. 48,689

ALONZO VICTOR KING, *Appellant,* v. DAN HAWES, SHERIFF OF LEAV-
ENWORTH COUNTY, KANSAS, *Appellee.*

(580 P.2d 1318)

Opinion filed July 15, 1978.

*Charles M. Tuley,* of May and Tuley, of Atchison, argued the cause and was on the brief for the appellant.

*Curt T. Schneider,* attorney general, and *Patrick J. Reardon,* county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal from an order of the Leavenworth district court dissolving a writ of habeas corpus filed by Alonzo Victor King, a/k/a Gun Doe (petitioner-appellant). The petitioner, a former inmate of the federal penitentiary at Leavenworth, was released pursuant to extradition papers to the custody of the sheriff seeking his extradition to the State of South Dakota.

The petitioner challenges the admission of certain evidence at his extradition hearing and contends he was not substantially charged with committing a crime under the laws of South Dakota.

Briefly summarized, on August 30, 1973, an indictment was issued by a Custer County, South Dakota grand jury charging "Gun Doe" with the crimes of riot and assault with a dangerous

weapon. The petitioner was subsequently released from the United States Penitentiary at Leavenworth, Kansas on January 5, 1976, and was arrested by the Leavenworth County Sheriff, Dan Hawes, the same day.

On January 15, 1976, the petitioner filed an application for a writ of habeas corpus which was denied by the trial court on January 21, 1976. Six days later the attorney general of the State of South Dakota sent a request for extradition of "Gun Doe" a/k/a Alonzo King to the governor of the State of Kansas, and a governor's warrant of arrest was then issued on February 25, 1976.

The petitioner filed a second application for a writ of habeas corpus on March 12, 1976, and a hearing was held on the application on March 26, 1976. The trial court found the warrant issued by the governor of Kansas was valid, and on April 1, 1976, judgment was entered dissolving the writ of habeas corpus. Thereafter, the petitioner duly perfected this appeal.

On appeal the petitioner challenges whether his identity was sufficiently established. He contends there is no proof he is the "Gun Doe" named in the South Dakota requisition warrant or the Kansas rendition warrant.

To require and justify the rendition of an accused by the asylum state to the demanding state it must be shown that he is (1) the individual named in the writ of extradition; (2) charged, in accordance with statutory authority, with a crime in the demanding state; and (3) a fugitive, which is to say that the accused was in the demanding state when the alleged crime was committed. (*Hyatt v. Corkran*, 188 U.S. 691, 709, 47 L.Ed. 657, 23 S.Ct. 456 [1903]; *Price v. Pitchess*, 556 F.2d 926 [9th Cir. 1977], *cert. denied*, 434 U.S. 965, 54 L.Ed.2d 451, 98 S.Ct. 504; *United States ex rel. Tyler v. Henderson*, 453 F.2d 790, 793 [5th Cir. 1971]; *United States v. Flood*, 374 F.2d 554, 556 [2d Cir. 1967]; *Johnson v. Matthews*, 182 F.2d 677, 679 [D.C. Cir. 1950], *cert. denied*, 340 U.S. 828, 95 L.Ed. 608, 71 S.Ct. 65 [1950]; *Person v. Morrow*, 108 F.2d 838 [10th Cir. 1940]; *Freedman v. United States*, 437 F. Supp. 1252 [N.D. Ga. 1977]; *Thomas v. Levi*, 422 F. Supp. 1027, 1031, n. 12 [E.D. Pa. 1976]; *Garrison v. Smith*, 413 F. Supp. 747, 752 [N.D. Miss. 1976]; *Davis v. Behagen*, 321 F. Supp. 1216, 1217 [S.D. N.Y. 1970]; *In re Dean*, 254 A.2d 242 [Del. Sup. 1969]; *State v. Devine*, 342 So. 2d 103 [Fla. App. 1977]; *In re Extradition of Leonard*, 27 Ill. App. 3d 870, 327

N.E.2d 480 [1975]; *Poulin v. Bonenfant,* 251 A.2d 436, 438 [Me. 1969]; *State ex rel. Wagner v. Hedman,* 292 Minn. 358, 195 N.W.2d 420 [1972]; and *Salvail v. Sharkey,* 108 R.I. 63, 66, 271 A.2d 814 [1970].)

Of course, when an accused challenges extradition in a habeas corpus proceeding brought under the Uniform Criminal Extradition Act, the governor's warrant issued in the extradition proceedings is presumed valid and regular in all respects, thus casting the burden of proof upon the petitioner to overcome the *prima facie* case made by the governor's warrant. (*Greenbaum v. Darr,* 220 Kan. 525, 527, 552 P.2d 993 [1976]; *McCullough v. Darr,* 219 Kan. 477, 480-81, 548 P.2d 1245 [1976]; *Dean v. Sheriff of Leavenworth County,* 217 Kan. 669, 538 P.2d 725 [1975]; *see also Wilbanks v. State,* 224 Kan. 66, 81, 579 P.2d 132 [1978].) Here the petitioner contends the South Dakota indictment charging "Gun Doe" and the other extradition papers charging "Alonzo Victor King a/k/a Gun Doe" are significantly different. Other jurisdictions have held if the difference in name on the indictment and extradition papers is significant, its only effect is to shift the burden of proof as to identity to the state. (See *State ex rel. Myers v. Allen,* 83 Fla. 655, 92 So. 155 [1922]; *In re Extradition of Leonard,* supra at 874; *The People v. Meyering,* 358 Ill. 589, 193 N.E. 495 [1934]; *Poulin v. Bonenfant,* supra at 440; *Salvail v. Sharkey,* supra at 67; and Annot., 93 A.L.R.2d 912, 922-24 [1964].)

Therefore, the habeas corpus proceeding must be examined in order to determine whether identity was established. The petitioner contends the introduction of a package of materials containing an affidavit and photographs attached to the requisition was irregular. He suggests the witnesses should have been available in person to testify. This argument overlooks the fact that in a habeas corpus proceeding, the strict rules of evidence are *not* applicable to test the legality of arrest and extradition. (See *United States v. Flood,* supra at 557-58; *Sumner v. Lovellette,* 253 Ind. 675, 679, 256 N.E.2d 681 [1970]; *Notter v. Beasley, Sheriff etc.,* 240 Ind. 631, 166 N.E.2d 643, 93 A.L.R.2d 905 [1960]; *Campbell v. State,* 10 Md. App. 406, 413, 271 A.2d 190 [1970]; *Shields v. State of Maryland,* 257 Md. 384, 390, 263 A.2d 565 [1970]; *Salvail v. Sharkey,* supra at 70; *McLaughlin v. State,* 512 S.W.2d 657 [Tenn. Crim. 1974]; *Ex Parte Martinez,* 530 S.W.2d

578, 581 [Tex. Crim. 1975]; and Annot., 93 A.L.R.2d 912, 921-22 [1964].)

Here sufficient evidence existed to find the petitioner was the same "Gun Doe" whose name appeared in the original indictment. He identified himself at the proceeding as the man in the photograph which accompanied the indictment. The affidavit of Bernard Christenson stated the man in the photograph committed the assault and participated in the riots. These facts distinguish this case from *Lee Gim Bor v. Ferrari*, 55 F.2d 86 (1st Cir. 1932), where an indictment describing the accused by "John Doe" without stating his name, race, occupation, place of employment, or exact residence was held insufficient to authorize extradition. Thus, the state's proof the petitioner was in fact the person who had been arrested and indicted for the crimes charged in South Dakota was convincing and unrefuted.

The judgment of the lower court is affirmed.