JAMES S. PAPAS, Petitioner-Appellant, *v.* THOMAS BROWN, Sheriff of Lake County, Respondent-Appellee.

Second District    No. 79-373

Opinion filed September 11, 1980.

Jack Hoogasian, of Hoogasian and Goshgarian, of Waukegan, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Petitioner, James S. Papas, appeals from an order of the Circuit Court of Lake County denying his petition for a writ of *habeas corpus* and ordering him to be delivered to an agent of the State of Indiana pursuant to the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1979, ch. 60, par. 18 *et seq.*).

On January 17, 1979, the Governor of Indiana issued a requisition warrant demanding the apprehension of Papas. The requisition warrant recited that Papas was charged "* * * by an information and affidavit pending in the County of Marion, with the crime of THEFT BY FAILURE TO MAKE REQUIRED DISPOSITION OF PROPERTY RECEIVED * * *." The warrant further stated that the petitioner "* * * committed acts in the State of Illinois intentionally resulting in a crime in the St. of Ind. * * *." The requisition warrant was based on a seven-count information

which had been filed in Marion County, Indiana, on December 7, 1978. Specifically, the various counts of the information alleged that "at and in the County of Marion in the state of Indiana" defendant had "intentionally, knowingly, unlawfully and feloniously fail[ed] to make the required disposition" of sales tax that he had collected while a domiciliary of the State of Illinois. Defendant apparently is a director of an Indiana corporation known as "O'Connell's Restaurant of Pierre Moran, Inc."

The Governor of Illinois issued a rendition warrant on January 26, 1979. That warrant recited in part:

> "The Governor of the state of Indiana demands of me the arrest and delivery of James S. Papas as a fugitive from justice and has produced and laid before me a copy of an information and affidavit, certified as authentic by the said governor and duly authenticated, in charging the said James S. Papas while present in the state of Illinois with having committed on the first day of July, AD, 1974 an act which resulted in a crime in the county of Marion in the said state of Indiana, said crime being theft by failure to make required disposition of property received, which the said governor certifies to be a crime under the laws of said state of Indiana, and being satisfied that the said James S. Papas, fugitive from justice has taken refuge in this state."

On February 5, 1979, Papas filed a petition for a writ of *habeas corpus* asserting, *inter alia*, that he "was not present in the demanding state of Indiana at the time of the commission of the alleged crime and that he did not flee the said state of Indiana * * *." An amended petition for a writ of *habeas corpus*, alleging substantially similar matters, was subsequently filed. The State's motion to quash and dismiss the petition for writ of *habeas corpus* was denied and the State was ordered to file responsive pleadings. The State then filed another motion to dismiss the petition.

At a subsequent hearing on the matter several witnesses, including Papas, testified that Papas had not been in Indiana during the period of time covered by the information. Following the presentation of evidence and argument by counsel, the trial court stated, "[I]t is clear that * * * the Defendant was not personally present within the State of Indiana during the times in question." The court further found that the proceedings were pursuant to section 6, rather than section 3, of the Uniform Criminal Extradition Act. (Ill. Rev. Stat. 1979, ch. 60, pars. 30, 23.) The trial court then denied the petition and ordered Papas to be delivered to an agent of the State of Indiana. Papas filed a timely notice of appeal.

■■ Papas' major contention on appeal is that the trial court erred in denying his petition for a writ of *habeas corpus* because he established conclusively that he was never in the demanding State of Indiana during

the time covered by the information. The form of demand for extradition is generally governed by section 3 of the Uniform Act which provides in pertinent part:

> "No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under Section 6, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon * * * ." (Ill. Rev. Stat. 1979, ch. 60, par. 20.)

It has been held that, in extradition proceedings pursuant to section 3, if an accused can establish that he was not physically present in the demanding State when the offense was committed, then he is not a fugitive from justice, and he may secure his release by writ of *habeas corpus*. (*People ex. rel. Frye v. Woods* (1972), 51 Ill. 2d 91, 280 N.E.2d 701; *People v. Swisher* (1978), 60 Ill. App. 3d 452, 376 N.E.2d 797.) Papas did present evidence in the trial court, through the testimony of witnesses, that he was not present in the State of Indiana during the time period covered by the information. This evidence was not contradicted by the State. The trial court found that it was unquestioned that Papas was not personally present in the State of Indiana during the times in question. Therefore, if this was a proceeding pursuant to section 3, Papas would have been entitled to his release.

However, section 6 of the Uniform Act, as enacted in Illinois, provides:

> "The Governor of this State may also surrender, on demand of the Executive Authority of any other state, any person in this State charged in such other state in the manner provided in Section 3 with committing an act in this State, or in a third state, intentionally resulting in a crime in the state whose Executive Authority is making demand." (Ill. Rev. Stat. 1979, ch. 20, par. 23.)

Pursuant to this provision, a State may extradite an individual without proof that the individual was in the demanding State at the time the alleged offenses occurred. Papas argues that the requirements of section 6 have not been met in this case because there is a variance between the language of the requisition warrant and the supporting documents.

Both the requisition warrant issued by the Governor of Indiana and the rendition warrant issued by the Governor of Illinois recite that Papas committed acts in the State of Illinois which resulted in a crime in the State of Indiana. However, the information by which Papas was charged states that he "at and in the County of Marion" committed certain enumerated

acts and "was a domicillary [*sic*] of the State of Illinois at the time of the offense." The request for requisition made to the Governor of Indiana does not state whether the acts were performed in Indiana or Illinois. The request merely states that "the fugitive presently resides in Lake Forest, Illinois." This language does not expressly indicate whether Papas was present in the State of Indiana at the time of the commission of the acts resulting in the crime. The only supporting document which states that Papas was present in the State of Illinois at the time of the commission of the crime is the probable cause affidavit. The affiant, A. Gale Snider, stated therein that "said James S. Papas was a domicilliary [*sic*] of the State of Illinois at the time the said returns were filed and the said checks were written and that the said returns and checks were mailed from the State of Illinois."

The question thus becomes whether the presence of language in the requisition and rendition warrants, and the probable cause affidavit, to the effect that Papas committed acts in the State of Illinois which resulted in a crime in Indiana, is sufficient to satisfy the requirements of section 6 of the Uniform Act.

Courts in other jurisdictions have split on this issue. Several courts have determined that the provisions should be strictly construed, and that a petitioner is entitled to a writ of *habeas corpus* where the charging instrument did not charge the petitioner with the commission of acts in the asylum or in a third State resulting in a crime in the demanding State. See *Ennist v. Baden* (1946), 158 Fla. 141, 28 So. 160; *People ex rel. Butler v. Flood* (1968), 29 App. Div. 2d 692, 287 N.Y.S. 2d 150.

Several jurisdictions have found that it is a better practice to judge the substance of the charge upon which the extradition is based by considering the charging instrument in conjunction with the supporting documents. For example, in *Ex parte Harrison* (Tex. Crim. App. 1978), 568 S.W.2d 339, the Court of Criminal Appeals of Texas found that where the requisition stated that acts were committed in Texas and resulted in a crime in Louisiana and the affidavit could reasonably be interpreted that a crime resulted from Texas acts, it was immaterial that the information stated that the acts were committed in Louisiana. In *Greenbaum v. Darr* (1976), 220 Kan. 525, 552 P.2d 993, the Supreme Court of Kansas allowed extradition pursuant to section 6 of the Uniform Act where the demand and the application for requisition both stated that the crime resulted from acts which occurred outside of the demanding State, even though the indictments stated that the acts were committed in the demanding State. See also *State v. Holeb* (1972), 188 Neb. 319, 196 N.W.2d 387.

■■ While there is no Illinois authority directly on point, several cases do provide guidance on this issue. As a general rule the pleading requirements for extradition are not strict and documents supporting the request warrant

are to be considered as a whole. (*People v. Williams* (1979), 68 Ill. App. 3d 351, 386 N.E.2d 145.) In *Williams* the extradition demand contained inaccurate statements in the printed form that the crime was committed in the State of Alabama and that the defendant had fled from justice. This court held that this was not a substantial defect mandating discharge. Similarly in *People ex rel. Brenner v. Sain* (1963), 29 Ill. 2d 239, 193 N.E.2d 767, form printed language in the rendition warrant incorrectly described the accused as a fugitive from justice. This language was not present in the requisition warrant and supporting papers. Our supreme court held that this inconsistency was insufficient to defeat extradition.

■■ ■ Extradition legislation is designed to furnish an expeditious and summary procedure for bringing suspects to trial in the State where the alleged offense was committed. The scope of inquiry in a *habeas corpus* proceeding challenging extradition is limited. (*People ex rel. Kubala v. Woods* (1972), 52 Ill. 2d 48, 284 N.E.2d 286.) In light of this purpose and of the above summarized authority, we hold that the correct language contained in the requisition and rendition warrants is sufficient to bring this case within section 6 of the Uniform Act.

■■ Finally, Papas contends that he has not been charged with a "continuing offense" and therefore cannot be extradited pursuant to section 6. It is true that several of the cases arising under section 6 could be said to concern continuing offenses.[1] (See, for example, *Sain* (abandonment and nonsupport).) However, section 6 itself makes no mention of a continuing offense and we are not aware of any case engrafting a continuing offense requirement. Also, *Williams*, which was brought under section 6, concerned a specific instance of the violation of the defendant's probation that would not come within the definition of a continuing offense. In sum, we reject Papas' contention with respect to imposing a continuing offense limitation on section 6.

Accordingly, the judgment of the Circuit Court of Lake County is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.

---

[1] Papas has not provided a definition of "continuing offense." 21 Am. Jur. 2d *Criminal Law* §392 (1965) contains the following definition: "A continuing offense has been defined as a continuous unlawful act or a series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy."