NESBITT, Judge.
Soto appeals the order denying his writ of habeas corpus and quashing the petition therefor which order remanded him to the custody of the State of Florida to abide his delivery to agents of the Governor of Virginia.
Our review of a habeas corpus proceeding is limited to a determination that the jurisdictional prerequisites to the issuance of his warrant exist. Moore v. State, 407 So.2d 991 (Fla.3d DCA 1981). In Sullivan v. State ex rel. Pardew, 49 So.2d 800 (Fla.1951), the prerequisites were set forth as follows:
(1) Whether petitioner was the person charged.
(2) Whether petitioner was substantially charged with a crime in the [demanding state].
(3) Whether petitioner was a fugitive from justice, section 941.03, F.S.A., or whether he committed an act in a third state which intentionally resulted in the commission of a crime in the demanding State, 941.06.
(4) Whether the indictment was certified as authentic by the Governor of the demanding State.
Soto contends that the trial court erred in entering the order denying him relief because the indictment which accompanied the requisition warrant failed to charge the defendant with having committed a crime in Florida or a third state which resulted in the commission of a crime in Virginia. Because this contention challenges the jurisdictional prerequisites to the issuance of a warrant, we can review the trial court’s order. We are compelled to agree on the authority of Ennist v. Baden, 158 Fla. 141, 28 So.2d 160 (1946).
Soto was charged by indictment in Virginia as follows:
COUNT I
Between May 7, 1980 and June 1, 1980 in the City of Colonial Heights: ROGO-LIO SOTO, did, unlawfully and feloniously conspire with another to possess with intent to distribute methaqualone (qua-lude).
COUNT II
Between May 7, 1980 and June 1, 1980 in the City of Colonial Heights: ROGO-LIO SÓTO, did, unlawfully and feloniously conspire with another to possess with intent to distribute marijuana.
COUNT III
Between May 7, 1980 and June 1, 1980 in the City of Colonial Heights: ROGO-LIO SOTO, did, unlawfully and feloniously conspire with another to possess with intent to distribute cocaine.
The alleged conspiracy took place while the defendant was in Florida and contacted an individual who was in Virginia.
Generally, the crime for which a fugitive is extradited is one which is committed in the demanding state. In addition, under Section 941.06, Florida Statutes (1979), a governor, on demand, may surrender a person charged with having committed an act intentionally resulting in a crime in the demanding state even though the accused was outside that state when the crime was committed. Clearly, the crime with which Soto is charged falls within the latter category.
In Ennist v. Baden, supra, the court discussed the contents of an indictment which would satisfy Sections 941.03 and 941.06, supra:
So, when the two sections [§§ 941.03 & 941.06, Fla.Stat. (1941) ] are read in paria *1125 materia they require that the person sought to be extradited shall be charged by indictment, information or affidavit with committing an act in this state or in a third state intentionally resulting in a crime in the state whose executive authority is making the demand.
28 So.2d at 162. The indictment in the present case fails under the Supreme Court’s decision in Ennist v. Baden, supra, and we are bound by that result.
Notwithstanding Ennist v. Baden, supra, the state seeks to support the order denying the writ of habeas corpus by urging us to look at other supporting papers in addition to the indictment.
The requisition warrant from Virginia and the rendition warrant from Florida contain the following pertinent language:
Whereas, It appears by application, indictment, etc. which are hereunto annexed and which I certify to be authentic and duly authenticated in accordance with the Laws of this State that ROGELIO SOTO, a/k/a ROGOLIO SOTO stands charged with the crime of 3 counts of conspiracy to possess with intent to distribute controlled drugs which I certify to be a crime under the Laws of this State committed in the State of Florida in that State. He committed acts in a State other than the State of Virginia ultimately resulting in the commission of a crime.
Also annexed to the requisition warrant was an affidavit of the Commonwealth’s prosecutor for the City of Colonial Heights which, in part, stated:
The full name of the fugitive for whom extradition is asked is Rogelio Soto, a/k/a Rogolio Soto, who was in the State of Florida and conspired by telephone with a person in this State at the time of the commission of said crimes.
The state argues that the practice around the country is to gauge the substance of the charge in light of all the supporting documents in order to determine the sufficiency and adequacy of the charge. It argues that a technicality should not be allowed to void an otherwise valid extradition. In Ex Parte Harrison, 568 S.W.2d 339 (Tex.Cr.App.1978), the court cited Ennist v. Baden, supra, as support for the appellant’s position, however, the court found that “the better practice is to judge the substance of the charge upon which the extradition is based by considering the ‘charging instrument’ in conjunction with the supporting requisition documents.” 568 S.W.2d at 342. Accord, Papas v. Brown, 88 Ill.App.3d 471, 43 Ill.Dec. 568, 410 N.E.2d 568 (1980); Greenbaum v. Darr, 220 Kan. 525, 552 P.2d 993 (1976); Kansas v. Holeb, 188 Neb. 319, 196 N.W.2d 387 (1972); In Re Cooper, 53 Cal.2d 772, 3 Cal.Rptr. 140, 349 P.2d 956, appeal dismissed and cert. denied, 364 U.S. 294, 81 S.Ct. 104, 5 L.Ed.2d 83 (1960); Ex Parte Arrington, 270 S.W.2d 39 (Mo.1954).
While we find this argument to be appealing, we are constrained by Ennist v. Baden, supra, to grant the writ of habeas corpus and discharge the petitioner from custody. Nonetheless, as provided for in Article V, Section 3(b)(4), Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we exercise our prerogative of certifying to the Supreme Court of Florida that the decision in this cause passes upon a question of great public importance, that is, the continued desirability of according to the Uniform Interstate Extradition Act, Chapter 941, Part 1, a more restrictive construction, as reflected by the decision of Ennist v. Baden, supra, than is accorded the Act by other courts of last resort.
The order denying the writ of habeas corpus and remanding the petitioner to the custody of the State of Florida is reversed with directions to grant the writ and discharge the petitioner from custody.